Harold Fertig, J.
On June 24, 1968, in the case of John Teska, an individual over 14 years, by his guardian ad litem, John Teska against Samuel Mayo and Michael Mayo, the jury rendered a verdict for the plaintiffs against both defendants in the sum of $750 and in the sum of $500 for punitive damages against the driver, Michael Mayo.
The insurance company that insured the defendants in that previous action refused to pay the award of $500 for punitive *616 damages against the driver. This action was brought pursuant to section 167 (subd. 7, par. [a]) of the Insurance Law by John Testa Jr. against the Atlantic National Insurance Company to recover the award for punitive damages.
There was no testimony taken at the trial except for that of plaintiff’s attorney describing the services rendered by him. Certain exhibits were introduced for consideration by the court without a jury.
The only question before this court is whether the insurer under a standard accident insurance policy is required to pay punitive damages awarded to a plaintiff against a defendant who is an insured. The plaintiff has not offered the insurance policy in evidence and relies upon section 167 of the Insurance Law for the minimum provisions of an insurance policy issued in the State of New York. Section 167 provides among other things that the policy to be issued is to contain a clause insuring the ■ ‘ ‘ named insured against liability for death or injury sustained, or loss or damage occasioned within the coverage of the policy or contract, as a result of negligence in the operation or use of such vehicle by any person operating or using the same with the permission, express or implied, of the named insured” (subd. 2). That section also refers to the insurance coverage of a vehicle as defined in section 388 of the Vehicle and Traffic Law, which in turn provides that every owner of a vehicle used or operated in the State is liable and responsible for injuries resulting from negligence in the use or operation of their vehicle by any person using or operating the same with the permission of the owner either express or implied.
There is no question that Samuel Mayo was the owner of the vehicle and Michael Mayo his son, the driver. Paragraph 2 of the plaintiff’s notice to admit, states that Michael Mayo operated the vehicle with the knowledge and consent of Samuel Mayo. The defendant denied having any knowledge or information concerning that statement.
It has been held that the language of section 388 of the Vehicle and Traffic Law gives rise to a presumption that the one who is operating a motor vehicle is doing so with the owner’s permission (Mireider v. New Hampshire Fire Ins. Co., 24 Misc 2d 765), and that the proof of ownership of a motor vehicle creates a rebuttal presumption that the driver was using the vehicle with the owner’s permission (Leotta v. Plessinger, 8 N Y 2d 449, 461; Reyes v. Sternberg, 27 A D 2d 828; Brindley v. Krizsan, 18 A D 2d 971). There is no evidence to rebut that presumption and this court finds that the driver was using the vehicle with the owner’s consent and authority and in *617 accordance with section 16-7 of the Insurance Law the driver was insured under the minimum requirements of the statute.
The plaintiff cites the case of Messersmith v. American Fid. Co. (232 N. Y. 161) for the proposition that any damages resulting from the accident, even as -a result of willful, wanton or reckless negligence are covered by the terms of the minimum insurance coverage clause. Judge Cardozo in that decision found (p. 165) that ‘ ‘ injuries are accidental or the opposite for the purpose of indemnity according to the quality of the results rather than the quality of the causes ”, and held that under certain conditions a plaintiff could receive compensation for negligence even if the damages resulted from gross negligence or recklessness. He found that where the plaintiff suffered unforeseen damages the act that caused the result, no matter how willful itself was not willful or wanton negligence when the result was unanticipated.
The liability of an insurance carrier where the negligence of the insured is a result of willful or wanton conduct or gross negligence is discussed in 111 A. L. R. 1043 and 173 A. L. R. 503. The cases of Wheeler v. O’Connell (297 Mass. 549) and Sheehan v. Goriansky (321 Mass. 200) are referred to in these articles and a distinction is made between the liability of the insurance carrier under a voluntary automobile indemnity policy and a policy written in accordance with a compulsory insurance law. In Wheeler v. O’Connell (supra), it was determined in the State of Massachusetts that where the policy was written in accordance with a compulsory insurance law the insurance carrier would be held liable even if the accident was caused by the willful act of the insured, and it was nevertheless recognized that in similar circumstances to hold the insurance company liable where the insurance policy was voluntary, would be against public policy. It was held in Sheehan v. Goriansky (supra) that “accident” is a more comprehensive term than ‘ ‘ negligence ’ ’, and that an accident is an unexpected happening without intention or design. However, in neither of these cases was there any reference to punitive damages but rather to the nature of the negligence. In the State of New York it has been held that punitive damages are awarded to punish the defendant and to set an example for others (Clevenger v. Baker Voorhis & Co., 19 A D 2d 340, affd. 14 N Y 2d 536; 14 N. Y. Jur., Damages, 33, § 176).
American Sur. Co. of N. Y. v. Gold (375 F. 2d 523) cited by the defendant states that to require insuring companies to pay punitive damages is against public policy. In that ease, which involved an insurance policy written under a compulsory insur *618 anee law, the court differentiated between damages awarded for gross, willful or wanton negligence where those damages were compensatory in nature and damages which were punitive for the same kind of conduct. The court, referring to Hartford Acc. & Ind. Co. v. Wolbarst (95 N. H. 40), pointed out that the insurance company was required to pay damages awarded for a claim which was the result of wanton or willful negligence. However, it distinguished the New Hampshire ease by showing that the State of New Hampshire treats exemplary damages as compensatory in nature (Bixby v. Dunlop, 56 N. H. 456; Adams v. Strain, 80 N. H. 90), and stated that when the damages are punitive for similar conduct the insurer is not liable.
Reviewing the law in the State of Massachusetts where damages for willful or wanton conduct and recklessness are collectable from the insurer under a compulsory insurance system, nowhere are those damages referred to as punitive. In that State there are no exemplary damages allowed unless authorized by statute (City of Lowell v. Massachusetts Bonding & Ins. Co., 313 Mass. 257; Mass. Uniform Commercial Code, ch. 106, § 1-106).
In New York State the Motor Vehicle Financial Security Act (Vehicle and Traffic Law, art. 6, § 310) declares that the purpose of our compulsory insurance law is to require that motorists be financially able to respond in damages for their negligent acts “ so that innocent victims of motor vehicle accidents may be recompensed for the injury and financial loss inflicted upon them.”
It is clear therefore, that the holdings in the various jurisdictions are that where there is compulsory insurance, it is not against public policy to require the insurance company to be liable for damages as a result of reckless, wanton or willful acts of the insured, provided those damages are to compensate the injured party for his injuries. Where, however, as in the State of New York punitive damages are awarded for willful or reckless negligence over and above compensatory damages, then such a holding would be against public policy. Under those circumstances the punitive damages awarded are to punish the defendant and not to compensate the plaintiff.
In the case before this court the jury in the prior action rendered a verdict of $750 to compensate the plaintiff for his injuries. The insurer may not refuse to pay that compensatory award on the ground that the negligence of the defendant was willful or wanton. The $500 that was awarded against the driver was clearly to punish the driver for his acts and not *619 within the purview of the statute requiring the insurance company to be liable to an injured party to compensate him for his injuries. To require the insurer to pay this award would be against public policy. Therefore, judgment is granted to the defendant.