■ HICKSVILLE MOTORS et al., Respondents, v MERCHANTS MUTUAL INSURANCE COMPANY, Appellant, and KATHLEEN MINERVA, Respondent. — In a declaratory judgment action, defendant Merchants Mutual Insurance Company appeals from a judgment of the Supreme Court, Nassau County (Wager, J.), entered March 15, 1983, which upon defendant Kathleen Minerva's motion, granted partial summary judgment to her declaring that defendant Merchants Mutual Insurance Company is obligated to defend plaintiffs in a tort action brought against plaintiffs by defendant Minerva, and denied as moot defendant Merchants Mutual's cross motion for summary judgment. Judgment reversed, on the law, without costs or disbursements, defendant Minerva's motion denied, defendant Merchants Mutual's cross motion granted, and it is hereby declared that defendant Merchants Mutual is under no obligation to defend or indemnify plaintiffs in the action brought against plaintiffs by defendant Kathleen Minerva. On July 26, 1982 defendant Kathleen Minerva brought suit alleging that plaintiff Steven Lander, while in the course of his duties as an employee and officer of plaintiff Hicksville Motors, ignited a fireworks-type device on business premises which entered adjoining premises and injured defendant Minerva. Plaintiffs thereupon brought this action for a judgment declaring that defendant Merchants Mutual Insurance Company was obligated under a policy of insurance issued to plaintiffs to defend and indemnify them in the underlying negligence suit. The obligation to defend arises upon the mere allegation of facts and circumstances which might — if proved — fall within the risk covered by the policy (*Sturges Mfg. Co. v Utica Mut. Ins. Co.*, 37 NY2d 69). The viability of such claims is

irrelevant to the determination (*Schwamb v Fireman's Ins. Co.*, 41 NY2d 947). The applicable liability protection under plaintiffs' policy is limited to accidents resulting from "garage operations", defined as: "the ownership, maintenance or use of the locations [for garage business] and that portion of the roads or other accesses that adjoin these locations * * * Garage operations also include all operations necessary or incidental to a garage business." The facts alleged by defendant Minerva in her complaint in the underlying action are not sufficient to give rise to coverage and a duty to defend under this provision. Use of garage premises by an employee does not, of itself, constitute garage business. (See *Spiegel v Felton,* 206 Misc 499.) Moreover, an act performed while in the course of garage duties is covered only if the act itself is garage business or necessary or incidental thereto. No facts have been alleged, nor can any be logically inferred, which justify such a conclusion. The court may determine that the insurer has no duty to defend if it can find no factual or legal basis on which an obligation to indemnify under any provision of the policy might be based. (*Spoor-Lasher Co. v Aetna Cas. & Sur. Co.,* 39 NY2d 875.) Accordingly, we reverse Special Term's grant of partial summary judgment in favor of defendant Minerva and grant summary judgment to defendant Merchants Mutual upon its cross motion. Weinstein, J. P., Bracken, Rubin and Boyers, JJ., concur.