■ BRYAM HILLS CENTRAL SCHOOL DISTRICT NO. 1 et al., Respondents, v STATE INSURANCE FUND, Appellant, et al., Defendants. — Upon the court's own motion its order and decision, both dated October 24, 1983 [97 AD2d 495], are recalled and vacated and the following decision is substituted: In an action for a judgment declaring the obligations of the defendants under the provisions of certain insurance policies, the defendant State Insurance Fund appeals, as limited by its brief, from so much of a judgment of the Supreme Court, Westchester County (Cerrato, J.), entered June 26, 1982, as granted plaintiffs' motion for summary judgment against it on the first and eighth causes of action asserted by plaintiff Bryam Hills Central School District No. 1 (hereinafter the school district), and declared that the defendant State Insurance Fund must provide a defense in all actions pending in that court brought against the school district by Dorothy G. Caruolo individually and as administratrix of the estate of Fred J. Caruolo. Judgment modified, on the law, by deleting from the first and third decretal paragraphs thereof those provisions which grant summary judgment to the school district on its eighth cause of action, by adding to the second decretal paragraph thereof a provision striking the answer of the defendant State Insurance Fund only as to the school district's first cause of action, and by adding thereto a provision granting summary judgment to said defendant pursuant to CPLR 3212 (subd [b]) as to the school district's eighth cause of action and declaring that said defendant is not required to provide a defense to those actions identified in paragraphs 41 through 43 of plaintiffs' complaint. As so modified, judgment affirmed insofar as appealed from, without costs or disbursements. At issue in this declaratory judgment action is the obligation of the defendant State Insurance Fund to defend three separate actions for damages, commenced by individual summonses, arising out of the death of an employee of the school district, which is the insured of the State Insurance Fund. The general allegations of negligence found in the first Caruolo action were sufficient to invoke the State Insurance Fund's obligation to defend the action (*International Paper Co. v Continental Cas. Co.*, 35 NY2d 322). The questions raised involving whether the Workers' Compensation Law is the sole remedy available in the first Caruolo action, and whether the first Caruolo action should be stayed pending a determination by the Workers' Compensation Board can be addressed in the tribunal in which the action is pending. At this time, there is no basis for concluding that the coverage afforded by the policy in issue is inapplicable as a matter of law, so as to negate the State Insurance Fund's duty to defend the action. Special Term erred, however, in directing the State Insurance Fund to defend the school district in the two actions seeking to recover salary, accumulated sick leave, group life insurance and retirement benefits. The individual complaints in those two actions provide no explanation for the sums sought. To the degree inference is possible, the damages sought sound in contract, which the policy of the State Insurance Fund specifically excludes. Absent a possible factual or legal basis upon which the insurer might eventually be held obligated to indemnify its insured under a provision of the policy, there is no duty to defend (*International Paper Co. v Continental Cas. Co., supra; Sturges Mfg. Co. v Utica Mut. Ins. Co.*, 37 NY2d 69). Titone, J. P., Lazer, Thompson and Boyers, JJ., concur.