KATHLEEN MINERVA, Appellant, v MERCHANTS MUTUAL

INSURANCE COMPANY et al., Respondents, and TRAVELERS INSURANCE Co., Appellant.—In a declaratory judgment action, the defendant the Travelers Insurance Company and the plaintiff Kathleen Minerva separately appeal, as limited by their respective briefs, from so much of an order of the Supreme Court, Nassau County (Lockman, J.), dated October 3, 1984, as granted the cross motion of the defendant Merchants Mutual Insurance Company for summary judgment declaring that Merchants Mutual Insurance Company has no duty to defend or indemnify the defendants Hicksville Motors, Ltd., and Steven Lander in a personal injury action commenced against them by the plaintiff.

Order affirmed insofar as appealed from, with one bill of costs.

We affirm, but for reasons other than those stated by Special Term. The amended complaint which is presently before us contains allegations insufficient to trigger a duty of the defendant Merchants Mutual Insurance Company to defend the underlying personal injury action. While an insurer's duty to defend its insured is extremely broad *(see, Colon v Aetna Life & Cas. Ins. Co.,* 66 NY2d 6; *Ruder & Finn v Seaboard Sur. Co.,* 52 NY2d 663, *rearg denied* 54 NY2d 753; *Schwamb v Fireman's Ins. Co.,* 41 NY2d 947), a court may determine, as a matter of law, that no duty to defend exists if no factual or legal basis for indemnification may be discerned under any of the provisions of the policy in issue *(see, Spoor-Lasher Co. v Aetna Cas. & Sur. Co.,* 39 NY2d 875; *Seaboard Sur. Co. v Gillette Co.,* 64 NY2d 304; *Servidone Constr. Corp. v Security Ins. Co.,* 64 NY2d 419). The facts alleged in the plaintiff's amended complaint do not suffice to bring her injury within the coverage afforded by the instant garage liability policy. The use of fireworks as a "diversion" from work duties, even if performed by a garage employee on business premises, does not constitute garage business or activity incidental to garage operations *(see, e.g., Davis v Hartford Acc. & Indem. Co.,* 25 AD2d 604; *Spiegel v Felton,* 206 Misc 499). Indeed, the use of said fireworks on a single occasion as a "diversion" for the benefit of fellow employees indicates that the acts which caused the plaintiff's injury had nothing to do with business operations. Gibbons, J. P., Brown, Lawrence and Kooper, JJ., concur.