■ LINDA A. FITZPATRICK, Individually and as Administratrix of the Estate of JOHN J. FITZPATRICK, Deceased, Plaintiff, v AMERICAN HONDA MOTOR Co., INC., et al., Defendants, and FRANK MORAMARCO, Defendant and Third-Party Plaintiff-Respondent. NATIONAL CASUALTY COMPANY, Third-Party Defendant-Appellant.—In a negligence action, *inter alia,* to recover damages for wrongful death, the third-party defendant National Casualty Company appeals from an order of the Supreme Court, Nassau County (Roncallo, J.), dated September 6, 1988, which denied its motion to dismiss the third-party complaint.

Ordered that the order is reversed, on the facts, with costs, the motion is granted, and the third-party complaint is dismissed.

It is undisputed that the duty to defend is broader than the duty to indemnify *(see, Seaboard Sur. Co. v Gillette Co.,* 64 NY2d 304; *Ruder & Finn v Seaboard Sur. Co.,* 52 NY2d 663;

*Spoor-Lasher Co. v Aetna Cas. & Sur. Co.,* 39 NY2d 875), but the issue herein is whether, under the terms of the applicable insurance policy, the complaint in this wrongful death action sets forth any legally or factually cognizable theory upon which the provisions of the policy might be triggered.

According to the allegations contained within the complaint, the decedent was fatally injured while operating an all-terrain vehicle owned by the defendant Frank Moramarco. The plaintiff seeks recovery from the manufacturers and the distributor of the vehicle under a theory of products liability and also names Cherrywood Property Owners, Inc. (the owner of the property on which the decedent was working at the time of his demise) and Frank Moramarco (as owner of the vehicle) as defendants.

The third-party defendant, National Casualty Company (hereinafter National), had issued a manufacturers' and contractors' insurance policy to Cherrywood Landscaping Inc. (hereinafter Landscaping). This contract of insurance is not an owner's policy and does not name Moramarco or the vehicle involved in the accident but contains a clause affording coverage to "any executive officer, director, or stockholder thereof while acting within the scope of his duties as such". Although Moramarco sought to have National defend him through the institution of the third-party action, it was only after National moved to have the third-party complaint dismissed that Moramarco asserted that he was an officer of Landscaping and that Landscaping was the owner of the vehicle. In opposing National's motion, Moramarco also averred that any acts committed by him on the date of the accident were related to his employment with Landscaping.

It is beyond cavil that, in determining whether the provisions of an insurance policy have been activated, one is to look at the allegations set forth in the complaint. The determination as to whether coverage exists is a matter of law *(see, Colon v Aetna Life & Cas. Ins. Co.,* 66 NY2d 6; *Servidone Constr. Corp. v Security Ins. Co.,* 64 NY2d 419; *Seaboard Sur. Co. v Gillette Co., supra; Caporino v Travelers Ins. Co.,* 62 NY2d 234; *Ruder & Finn v Seaboard Sur. Co., supra; Spoor-Lasher Co. v Aetna Cas. & Sur. Co., supra; International Paper Co. v Continental Cas. Co.,* 35 NY2d 322; *Minerva v Merchants Mut. Ins. Co.,* 117 AD2d 720).

A reading of the complaint evidences that the allegations asserted against Moramarco are based upon acts performed in his individual capacity and there is no allegation that Moramarco acted in his corporate capacity as an officer of Land-

scaping. Indeed the insured, Landscaping, is never mentioned in any of the papers other than in Moramarco's affidavit in opposition to National's motion to dismiss the third-party complaint. As the policy is not an owner's policy, Moramarco is not named therein and the complaint does not seek to hold Moramarco liable as an officer of Landscaping, we find that the facts alleged in the complaint do not suffice to bring the injury within the coverage afforded under the policy issued to Landscaping. Under the facts herein, we conclude that the documentary evidence proffered by National was sufficient to support its motion to dismiss the third-party complaint (see, CPLR 3211 [a] [1]). Mangano, J. P., Thompson, Kunzeman and Rubin, JJ., concur.