(April 30, 1990)

■ ALLSTATE INSURANCE COMPANY, Appellant, v WILLIAM R. ZUK et al., Respondents.—In an action for a judgment declaring, inter alia, that the plaintiff Allstate Insurance Company does not have a duty to defend or indemnify the defendant William R. Zuk in an underlying action to recover damages for personal injuries and wrongful death that the defendant Patricia Smith commenced against him, the plaintiff appeals from an order of the Supreme Court, Nassau County (Saladino, J.), entered December 28, 1988, which denied its motion for summary judgment.

Ordered that the order is reversed, on the law, without costs or disbursements, the plaintiff's motion for summary judgment is granted, and the matter is remitted to the Supreme Court, Nassau County, for the entry of a judgment declaring that the plaintiff has no duty to defend or indemnify the defendant William R. Zuk in the underlying action brought by Patricia Smith.

In November 1985 the decedent Michael J. Smith was killed when the shotgun that his friend William R. Zuk was handling discharged. Thereafter, the decedent's widow Patricia Smith commenced an action against Zuk, seeking recovery of damages for her husband's wrongful death and conscious pain and suffering.

In addition to the civil action that was brought against him, Zuk was criminally charged in connection with Smith's death. In satisfaction of the criminal prosecution, Zuk pleaded guilty to the crime of manslaughter in the second degree.

When the incident occurred, Zuk was insured under a homeowners' policy issued to his parents by Allstate Insurance Company (hereinafter Allstate). That policy excluded coverage of "any bodily injury or property damage which may reasonably be expected to result from the intentional or criminal acts of an insured person or which are in fact intended by an insured person".

Allstate subsequently commenced the instant action for a judgment declaring that it had no obligation to defend and indemnify Zuk in the underlying wrongful death action brought against him. Also named as the defendants in that action were Zuk's parents, Benedict Zuk and Margaret Zuk, and Patricia Smith.

Allstate then moved for summary judgment, claiming, *inter alia,* that Zuk's criminal conviction conclusively established that the decedent's death was the result of Zuk's criminal act. Accordingly, it was asserted, the incident was excluded from coverage under the terms of the policy that Allstate had issued. The Supreme Court denied the motion, concluding that there was a triable issue of fact. We reverse.

"[T]here are but two necessary requirements for the invocation of the doctrine of collateral estoppel. There must be an identity of issue which has necessarily been decided in the prior action and is decisive of the present action, and, second, there must have been a full and fair opportunity to contest the decision now said to be controlling" *(Schwartz v Public Adm'r of County of Bronx,* 24 NY2d 65, 71; *see, Allied Chem. v Niagara Mohawk Power Corp.,* 72 NY2d 271, 276; *Ryan v New York Tel. Co.,* 62 NY2d 494, 500-502; *Richard L. v Armon,* 144 AD2d 1, 3).

When Zuk pleaded guilty to manslaughter in the second degree in the criminal prosecution arising out of this incident, it was necessarily determined that the decedent's death was caused by Zuk's "criminal act" *(see, S. T. Grand, Inc. v City of*

*New York,* 32 NY2d 300; *Vavolizza v Krieger,* 33 NY2d 351; Penal Law § 125.15 [1]; *cf., Gilberg v Barbieri,* 53 NY2d 285; *Richard L. v Armon, supra).* Moreover, an examination of Zuk's plea allocution reveals that he was given a full and fair opportunity to contest his criminal conviction but declined to do so *(cf., Sullivan v Breese,* 160 AD2d 997 [decided herewith]). Under these circumstances, Zuk is precluded, by his criminal conviction, from contesting the determinative issue in the instant declaratory judgment action. Accordingly, Allstate's motion for summary judgment in its favor is granted. Thompson, J. P., Brown, Kunzeman and Harwood, JJ., concur.