■ RICHARD GREEN, Individually and as Parent and Natural Guardian of AMY GREEN, an Infant, Appellant, v ALLSTATE INSURANCE COMPANY, Respondent, et al., Defendants.—Mikoll, J. Appeal from a judgment of the Supreme Court (Torraca, J.), entered March 14, 1990 in Sullivan County, which, *inter alia,* granted defendant Allstate Insurance Company's motion for summary judgment and declared that it was not required to defend defendant Jay Jarrette in a pending action or to indemnify him against any judgment arising therefrom.

The question presented on this appeal is whether Supreme Court erroneously granted defendant Allstate Insurance Company's motion for summary judgment declaring that Allstate had no obligation to defend or indemnify its insured in the underlying personal injury action. We affirm.

On October 31, 1985 at about 6:45 P.M., plaintiff's daughter, Amy Green, who at the time was 12 years old, was marching in a Halloween parade in the Village of Monticello, Sullivan County, when she was struck in the left eye by a small metal ball fired from a slingshot by defendant Jay Jarrette, who was then 20 years old. The injury caused almost complete blindness in Amy's left eye. Jarrette was subsequently allowed to plead guilty to the lesser included offense of assault in the second degree, a class D felony *(see,* Penal Law § 120.05 [4]). During the plea allocution, Jarrette admitted that he fired a steel ball from his slingshot twice on the evening of October 31, 1985 and that there were people in the general direction of both shots.

Plaintiff commenced an action against, among others, Jarrette seeking to recover damages for the injury to Amy. Plaintiff also commenced this action for declaratory judgment against Allstate, the carrier providing homeowners insurance coverage to Jarrette's father. Allstate disclaimed any liability to defend or to indemnify Jarrette. Plaintiff claimed that Allstate was obliged to indemnify Jarrette under the policy. Subsequently, Allstate moved for summary judgment on the

ground that a provision in the policy excluded the acts of Jarrette from coverage.

The language of the exclusionary provision in dispute reads as follows:

"Losses We Do Not Cover:

"1. We do not cover any bodily injury or property damage which may reasonably be expected to result from the intentional or criminal acts of an insured person or which are in fact intended by an insured person."

Allstate's argument that the quoted exclusion in the policy excluded coverage for the conduct of Jarrette has merit. The recent case of *Allstate Ins. Co. v Zuk* (160 AD2d 971, *lv granted* 76 NY2d 711), where the language of the exclusion clause was identical to that in this case, supports Supreme Court's decision. Here, as in *Zuk,* the plea of guilty "necessarily determined" that the injury to Amy's eye was caused by Jarrette's "criminal act" *(supra,* at 972). Also here, as in *Zuk,* Jarrette's "plea allocution reveals that he was given a full and fair opportunity to contest his criminal conviction but declined to do so" *(supra,* at 973).

Plaintiff's reference to the holding in *Public Serv. Mut. Ins. Co. v Goldfarb* (53 NY2d 392, 399) is unpersuasive. In that case the Court of Appeals stated: "The mere fact that an act may have penal consequences does not necessarily mean that insurance coverage for civil liability arising from the same act is precluded by public policy. * * * Whether such coverage is permissible depends upon whether the insured, in committing his criminal act, intended to cause injury. One who intentionally injures another may not be indemnified for any civil liability thus incurred. However, one whose intentional act causes an unintended injury may be so indemnified". Both the coverage provision and the facts in *Goldfarb* differ substantially from that in the instant case. It is therefore of little precedential value here.

We have considered plaintiff's other arguments for reversal and find them to be without merit.

Judgment affirmed, without costs. Mahoney, P. J., Weiss, Mikoll, Yesawich, Jr., and Crew III, JJ., concur.