█ RICHARD GREEN, Individually and as Parent and Natural Guardian of AMY GREEN, an Infant, Appellant, v ALLSTATE INSURANCE COMPANY, Respondent, et al., Defendants.—Mikoll, J. Reargument of a decision of this court, dated April 11, 1991, which affirmed a judgment of the Supreme Court (Torraca, J.), entered March 14, 1990 in Sullivan County.

This matter was previously before us (172 AD2d 949) and our decision therein was based on the Second Department's decision in *Allstate Ins. Co. v Zuk* (160 AD2d 971, *revd* 78 NY2d 41), which involved an exclusionary clause identical to the one at issue in the instant case. Reargument was granted by this court in light of the Court of Appeals' reversal in *Zuk.*

The relevant exclusionary clause provides as follows: "Losses We Do Not Cover: 1. We do not cover any bodily injury or property damage which may reasonably be expected

to result from the intentional or criminal acts of an insured person or which are in fact intended by an insured person." We found in the prior appeal that defendant Jay Jarrette's plea of guilty to second degree assault conclusively determined that the injury to the victim's eye was caused by Jarrette's criminal act and foreclosed Jarrette's entitlement to a defense by defendant Allstate Insurance Company in the civil lawsuit brought on behalf of the injured party, Amy Green.

In *Zuk*, the Court of Appeals noted that while certain behavior involving a calculated risk may be considered reckless for the purpose of imposing criminal responsibility, it does not necessarily follow that the actor reasonably expected an accident to result *(Allstate Ins. Co. v Zuk*, 78 NY2d 41, 46, *supra)*. Applying that reasoning to this case, we note initially that Jarrette pleaded guilty to "reckless" as opposed to "intentional" assault *(compare*, Penal Law § 120.05 [4], *with* Penal Law § 120.05 [1], [2]). Further, although defendant Jay Jarrette admitted firing a slingshot in the general direction of a crowd, he indicated that he "had no purpose" in firing the slingshot, that he "wasn't shooting directly at anyone" and that he did it as "something stupid" or as "a joke". Accordingly, we conclude that Jarrette's plea to reckless assault does not establish, as a matter of law, that Jarrette reasonably expected to inflict injury to Green by his actions. Thus, collateral estoppel cannot be applied under the circumstances presented here. The relevant exclusionary clause uses a standard not found in the Penal Law, that is, exclusion of coverage from injury which may "reasonably be expected to result" from the intentional or criminal acts of an insured or which are in fact intended by the insured. It would be inappropriate for this court to decide, as a matter of law, the issue of whether Green's injury could "reasonably be expected to result" from Jarrette's actions. Thus, the order of Supreme Court should be reversed and Allstate's motion for summary judgment denied.

Mahoney, P. J., Weiss, Yesawich Jr. and Crew III, JJ., concur. Ordered that the order is reversed, on the law, with costs, and defendant Allstate Insurance Company's motion for summary judgment denied.