■ ROYAL INDEMNITY COMPANY, Appellant, v KATHY L. MILLER et al., Defendants, and JEFFREY M. ELLIS, Respondent. (Appeal No. 1.)—Order unanimously reversed on the law without costs, motion denied, complaint reinstated, cross motion granted and judgment granted in accordance with the following Memorandum: Royal Indemnity Company, the plaintiff in action No. 1, commenced a declaratory judgment action against defendants, seeking a declaration that it has no duty to provide coverage to the defendants nor to defend or indemnify defendants Kathy and Daniel Miller in an action brought against Daniel Miller by defendant Ellis (action No. 2). According to the complaint in action No. 2, in February 1989

Daniel Miller kicked and punched Jeffrey Ellis in the face and hit him in the rib cage. Ellis' complaint asserted negligence and assault causes of action against Daniel Miller. According to a statement by Daniel Miller, he hit Ellis because Ellis had previously punched Daniel's girlfriend and had beaten other girls. In action No. 1, Jeffrey Ellis and the Millers moved and Royal cross-moved for summary judgment. Ellis argued that Royal failed to disclaim or deny coverage "as soon as is reasonably possible" (Insurance Law § 3420 [d]) and therefore had to defend and indemnify the Millers. The Millers sought attorney's fees already incurred in action No. 2 by reason of Royal's failure to defend them.

The court erred in granting the motions of Ellis and the Millers and denying Royal's cross motion in action No. 1. The policy at issue here defines an "occurrence" as "an accident, including exposure to conditions," which results in bodily injury or property damage. The policy provides for coverage and a defense if an action is brought against an insured for damages because of bodily injury or property damage caused by an occurrence. It is undisputed that Daniel Miller's assault on Ellis was intentional. Therefore, judgment is granted in favor of Royal declaring that there is no coverage and that Royal had no duty to provide a disclaimer, to defend, or to indemnify its insured (see, Pawelek v Security Mut. Ins. Co., 143 AD2d 514, lv denied 74 NY2d 603; see also, Zappone v Home Ins. Co., 55 NY2d 131). We reject Ellis' contention on appeal that Pawelek has effectively been overruled by Planet Ins. Co. v Bright Bay Classic Vehicles (75 NY2d 394, rearg denied 76 NY2d 773). (Appeal from Order of Supreme Court, Erie County, Flaherty, J.—Declaratory Judgment.) Present—Callahan, J. P., Boomer, Pine, Boehm and Doerr, JJ.