■ CRYSTAL WARD, Appellant, v SECURITY MUTUAL INSURANCE COMPANY, Respondent. [597 NYS2d 227] —Mercure, J. Appeal from an order of the Supreme Court (Monserrate, J.), entered January 30, 1992 in Tompkins County, which, *inter alia,* granted defendant summary judgment dismissing the complaint.

Plaintiff sustained serious injuries as the result of a beating which Randy Snowberger inflicted upon her in March 1984. It is undisputed that Snowberger was an additional insured

under a homeowner's insurance policy issued by defendant to Snowberger's parents which provided coverage at the time of the incident. In March 1985, plaintiff brought an action against Snowberger alleging both assault and negligence. Because of the allegations of negligence, defendant provided Snowberger with a defense to the action. When the action came on for trial, the negligence cause of action was dismissed by the court and a jury rendered a verdict in favor of plaintiff on her assault cause of action. On April 20, 1987, judgment was entered in plaintiff's favor in the amount of $125,928.56. Within 30 days thereafter, plaintiff forwarded a certified copy of the judgment to defendant together with a demand pursuant to Insurance Law § 3420 for payment of the policy coverage of $100,000. Defendant declined payment, prompting plaintiff to bring this action. Following joinder of issue, plaintiff moved for summary judgment for the relief demanded in the complaint. Supreme Court denied the motion and, pursuant to CPLR 3212 (b), *sua sponte* awarded summary judgment in favor of defendant and dismissed the complaint upon the ground that Snowberger's conduct did not fall within the coverage of the insurance policy issued by defendant and defendant was not required to disclaim coverage. Plaintiff appeals.

We affirm. The policy issued by defendant provided liability coverage for bodily injury caused by an occurrence, defined in the policy as "an accident, including continuous or repeated exposure to substantially similar conditions". Clearly, an assault is an intentional act and as such cannot constitute an accident *(see, Royal Indem. Co. v Miller,* 187 AD2d 956; *Pawelek v Security Mut. Ins. Co.,* 143 AD2d 514, *lv denied* 74 NY2d 603; *McCarthy v MVAIC,* 16 AD2d 35, 38-42, *affd* 12 NY2d 922). For that reason, there was no coverage under the terms of defendant's policy and defendant was not obligated to provide plaintiff with written notice of disclaimer *(see, supra; see also, Zappone v Home Ins. Co.,* 55 NY2d 131, 137-138).

Plaintiff's remaining contentions have been considered and found to lack merit.

Mikoll, J. P., Yesawich Jr., Crew III and Harvey, JJ., concur. Ordered that the order is affirmed, with costs.