■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v JAMES GALATRO and JOHN SCHMIDT, Respondents. [598 NYS2d 321] —Appeal by the People from an order of the Supreme Court, Kings County (Egitto, J.), dated January 10, 1992, which granted the defendants' motion to dismiss Kings County Indictment No. 8570/91, which charged the defendants with reckless endangerment in the second degree *(see, People v Galatro,* 153 Misc 2d 54).

Ordered that the order is reversed, on the law, the motion is

denied, the indictment is reinstated, and the matter is remitted to the Supreme Court, Kings County, for further proceedings on the indictment.

The defendants were arrested following an altercation with a third man in the middle of Flatbush Avenue in Brooklyn which occurred in the early morning hours of July 13, 1991. One or both of the defendants struck that man and knocked him unconscious. The defendants then left the victim lying in the middle of the street. It later was discovered that the victim had suffered brain damage.

After 10 witnesses, including the defendants, had testified before the Kings County Grand Jury, the Assistant District Attorney who presented the case charged the panel on three crimes: assault in the second degree, assault in the third degree, and reckless endangerment in the second degree. The Grand Jury was charged that if it found that the defendants had intended to cause the victim serious physical injury, it could indict for assault in the second degree, and if it found that they recklessly caused physical injury, it could indict on assault in the third degree. The Grand Jury also was charged that if the defendants recklessly engaged in conduct which created a substantial risk of physical injury to the victim by leaving him on a trafficked roadway, it could return a count of reckless endangerment in the second degree. The Grand Jury returned No True Bill on the two assault counts, but indicted the defendants for reckless endangerment in the second degree. On the defendants' motion, the Supreme Court dismissed this remaining count for legal insufficiency of the evidence *(People v Galatro, 153 Misc 2d 54, supra).* The People appeal, and we reverse.

Where an indictment is attacked for insufficiency of the evidence, the test is whether looking at the evidence in the light most favorable to the People, a prima facie case against the person or persons charged has been established. The reviewing court is not to weigh the evidence. Only where the evidence would not support a conviction, even if unexplained and uncontradicted, should the motion to dismiss be granted *(see, People v Jennings, 69 NY2d 103; see also, People v Mikuszewski, 73 NY2d 407).*

In the present case, several eyewitnesses testified that the defendants struck the victim without first being attacked themselves, and then left him in the middle of a well-traveled street without attempting to render any assistance. Reckless endangerment in the second degree is defined as recklessly engaging in conduct which creates a substantial risk of serious

physical injury to another person (see, Penal Law § 120.20). A person acts "recklessly" with respect to a result or circumstance described by a statute defining an offense when he is aware of and consciously disregards a substantial and unjustifiable risk that such result or circumstance exists. The risk must be of such nature that disregard thereof constitutes a gross deviation from the standard of conduct that a reasonable person would observe in the situation (see, Penal Law § 15.05 [3]). The prima facie proof summarized above satisfied these statutory definitions, and it did not matter that there also was testimony that no vehicle actually struck the victim or that bystanders quickly rendered the assistance the defendants had failed to provide. The statutory risk was present the moment the victim lay unconscious on the pavement as a result of the defendants' actions (see, People v Davis, 72 NY2d 32, 35-36; cf., People v Macellaro, 131 AD2d 699, 701). Thus, the evidence that the defendants had unjustifiably caused the victim to lie helpless in the middle of the roadway was sufficient to sustain a charge based on reckless conduct (see, People v Kern, 75 NY2d 638, cert denied 498 US 824; People v Kibbe, 35 NY2d 407; People v Knapp, 113 AD2d 154, 160, cert denied 479 US 844).

We also disagree with the Supreme Court that the failure to indict on the assault charges was significant. Under the rule of People v Tucker (55 NY2d 1), any inconsistency may be harmonized on the basis of the charge to the jury. The Grand Jury had before it a charge of assault in the second degree based on intentionally causing serious physical injury (see, Penal Law § 120.05 [1]), and of assault in the third degree based on recklessly causing physical injury (see, Penal Law § 120.00 [2]). The Grand Jury's refusal to indict on these counts did not rule out the possibility that the defendants, acting recklessly, committed an affirmative act which placed the victim at a substantial risk of harm (see, People v Kern, supra; People v Kibbe, supra). We therefore find that the indictment for reckless endangerment in the second degree was not inconsistent with the refusal of the Grand Jury to indict on the assault counts.

In view of the foregoing, we conclude that there was no sound basis for dismissing the indictment (see, People v Jennings, supra). Lawrence, J. P., O'Brien, Copertino and Santucci, JJ., concur.