**GRUMMAN SYSTEMS SUPPORT CORPORATION, Plaintiff,**

v.

**The TRAVELERS INDEMNITY COMPANY, et al., Defendants.**

**No. CV 93–0495.**

United States District Court, E.D. New York.

Aug. 4, 1993.

Hertzog, Calamari & Gleason by Peter E. Calamari, New York City, for plaintiff.

**12**

Simpson, Thacher & Bartlett by Barry R. Ostrager, New York City, for defendant Travelers Indem. Co.

Lustig & Brown by Stephanie S. Gelber, Buffalo, NY, for defendants North River Ins. Co. and Indus. Indem. Co.

Oppenheimer, Wolff & Donnelly by Robert J. Tracy, New York City, for defendant Aetna Cas. & Sur. Co.

Monroe Weiss, New York City, for defendant American Excess Ins. Corp.

Sheft & Sheft by Sheldon Karasik, New York City, for defendant Royal Indem. Co.

Siff Rosen, P.C. by John Volpe, New York City, for defendant American Zurich Ins. Co.

Goodman & Jacobs by Judith F. Goodman, New York City, for defendant Federal Ins. Co.

## MEMORANDUM AND ORDER

WEXLER, District Judge.

Plaintiff, Grumman Systems Support Corporation ("GSSC"), brought the underlying action seeking indemnification from its primary and excess liability insurers for a judgment entered against GSSC for tortious acts against Data General Service Corp. ("Data General"), including copyright infringement and misappropriation of trade secrets. GSSC bases its claim on the "advertising injury" coverage provided in these policies. Royal Indemnity Company ("Royal" or "Defendant"), a "third layer" excess insurer, now brings this motion to dismiss GSSC's complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure on the following grounds: (1) Royal can not be held liable for activities conducted by GSSC in violation of an injunction; (2) GSSC failed to give timely notice in accordance with the terms of the policy; (3) conduct by GSSC subsequent to the date of suit from which injury arose constituted a "known risk" for which coverage should be barred; and (4) GSSC's liability arose from its policy decision, made prior to the inception of the Royal policy, to use Data General's ADEX software. For the reasons stated below, Royal's motion is granted.

## I. BACKGROUND

On March 22, 1988, Data General filed a complaint in the United States District Court for the District of Massachusetts against GSSC, alleging that GSSC obtained and used ADEX, Data General's proprietary software, without Data General's permission. Data General sought a preliminary injunction and damages for GSSC's alleged tortious acts, including copyright infringement, misappropriation of trade secrets and unfair competition beginning on the date of GSSC's acquisition of the software in June 1987. On December 29, 1988, the Massachusetts District Court granted a preliminary injunction, enjoining GSSC from copying or using the ADEX software, and requiring GSSC to furnish Data General with any copies of this software in its possession.

Subsequent to the injunction, Royal issued to GSSC an excess insurance policy with a policy period of January 1, 1989 to January 1, 1990. The policy was thereafter renewed through January 1, 1991.

On January 28, 1993, a jury found GSSC liable to Data General for copyright infringement and misappropriation of trade secrets. On January 29, 1993, judgment was entered against GSSC in the amount of $27,417,000 in special damages, $25,946,694 in interest, and $9,000,000 in statutory damages for the period of June 1987 through the date of judgment.

## II. DISCUSSION

■ With regard to any liability that GSSC incurred before its coverage under Royal's policy began, it is clear that Royal has no obligation to indemnify. Aside from the general proposition that an insurer can only be held liable for damages that occur within the policy period, the underlying policy issued by The Travelers Indemnity Company specifically defines "advertising injury" (the claim under which GSSC seeks indemnification), as an injury arising from "advertising, promotional or publicity activities conducted *during the policy period,* because of libel, slander, piracy, unfair competition, idea misappropriation, or infringement of copyright, title or slogan." (emphasis added).

Therefore, GSSC has no right to indemnification from Royal for any liability GSSC may have to Data General due to GSSC's activities prior to January 1, 1989.

■ Furthermore, Royal owes GSSC no duty of indemnification as to any liability GSSC has incurred to Data General subsequent to January 1, 1989. Just before the inception of the Royal policy, an injunction was issued which specifically enjoined GSSC from continuing to use or copy, for any purpose, Data General's ADEX software. GSSC was further ordered to furnish to Data General any copy of such software which it had in its possession, custody, or control. Despite this injunction, GSSC apparently continued to use this software.[1]

In *Public Service Mutual Insurance Company v. Goldfarb*, 53 N.Y.2d 392, 442 N.Y.S.2d 422, 425 N.E.2d 810 (1981), the New York Court of Appeals held that "[o]ne who intentionally injures another may not be indemnified for any civil liability thus incurred." *Id.* at 426, 425 N.E.2d 810. In the instant case, the Massachusetts District Court, as a basis for granting the injunction, specifically found that a presumption existed that Data General would suffer irreparable harm if GSSC's activities continued. Therefore, this Court finds that GSSC's continued use of Data General's software after December 29, 1988 was an intentional act which GSSC knew would cause injury to Data General. Consequently, GSSC is precluded from seeking indemnification from Royal.

■ Moreover, even if there were some doubt as to whether GSSC used the ADEX software with the intent to cause Data General damage or loss, the fact that this use was in violation of an injunction is sufficient reason to preclude any indemnification. This Court finds that an insurance agreement that indemnifies for liability incurred as a direct result of a violation of an injunction is void as against public policy.[2]

Allowing such coverage would significantly weaken the effectiveness of a court's injunctive powers. Those enjoined would be free to blatantly ignore court orders so long as they had an insurance policy which indemnified them against any liability arising from their violation of the injunctions.[3] *See Drexel Burnham Lambert Group, Inc. v. Vigilant Insurance Company*, 157 Misc.2d 198, 213, 595 N.Y.S.2d 999, 1010 (Sup.Ct.1993) ("It is long standing public policy that 'no one shall be permitted to profit by his own fraud, or to take advantage of his own wrong, or to found any claim upon his own iniquity, or to acquire property by his own crime.' ") (citing *Riggs v. Palmer*, 115 N.Y. 506, 511, 22 N.E. 188 (1889)).

Having determined that GSSC has no possibility of a claim against Royal for any indemnification, the other issues raised by Defendant in support of its motion need not be addressed.

### III. *CONCLUSION*

Accordingly, for the aforementioned reasons, Royal's motion to dismiss pursuant to

1. Although GSSC does not expressly admit to using the ADEX software subsequent to the injunction, GSSC apparently concedes that it would have no cause of action against Royal had it not done so. *See* Plaintiff's memorandum, pp. 13–16.

2. Any claims by Plaintiff to the effect that Royal had a duty to defend for any suits related to this cause of action are similarly precluded. "Absent a possible factual or legal basis upon which the insurer might eventually be held obligated to indemnify its insured under a provision of the policy, there is no duty to defend." *Bryam Hills Central School District No. 1 v. State Insurance Fund*, 98 A.D.2d 703, 467 N.Y.S.2d 690, 690–91 (2d Dept.1983); *see also Minerva v. Merchants Mutual Insurance Co.*, 117 A.D.2d 720, 498 N.Y.S.2d 445 (2d Dep't 1986); *Hicksville Motors v. Merchants Mutual Insurance Co.*, 97 A.D.2d

396, 467 N.Y.S.2d 220 (2d Dep't 1983), *affirmed* 61 N.Y.2d 661, 472 N.Y.S.2d 88, 460 N.E.2d 229 (1983).

3. A similar public policy argument is well established with regard to punitive damages. New York courts have often held that insurance policies which provide indemnification for punitive damages are precluded by public policy. "[T]he policy behind their imposition would be defeated were an individual insured permitted to avoid the burden of such damages by passing it on to an insurance carrier." *Hartford Accident and Indemnity Company v. Village of Hempstead*, 48 N.Y.2d 218, 422 N.Y.S.2d 47, 52, 397 N.E.2d 737 (1979); *see also Goldfarb*, 442 N.Y.S.2d 422 at 426–27, 425 N.E.2d 810; *Padavan v. Clemente*, 43 A.D.2d 729, 350 N.Y.S.2d 694, 697; *Teska v. Atlantic National Insurance Co.*, 59 Misc.2d 615, 300 N.Y.S.2d 375, 379.

Rule 12(b)(6) of the Federal Rules of Civil Procedure is granted.

SO ORDERED.