OPINION OF THE COURT
Allan L. Winick, J.
Defendant, Derrick Nash, moves for an order granting summary judgment and directing the plaintiff insurance company to defend and indemnify Vincent Love. Plaintiff, Royal *891 Indemnity Company (Royal), commenced a declaratory judgment action asking this court to declare that plaintiff does not have to defend or indemnify Vincent Love under his homeowner’s policy for the underlying personal injury action commenced against Love.
The origins of this action result from a fight occurring on January 29, 1994 at a nightclub, "Club 91,” owned by East End Square, Inc. Derrick A. Nash was repeatedly stabbed in the buttocks by Vincent Love, when Nash was trying to break up a fight between Love and Keith Jefferson. Love claimed he did not know at that time that Nash had gotten stabbed. Love pleaded guilty to a charge of assault in the third degree (Penal Law § 120.00 [2]) in that he recklessly caused physical injury to another person.
The plea allocution on August 29, 1994 before the Honorable Richard Ehlers, Town Justice (the adequacy of which is not in issue herein), in relevant part was as follows:
"Q. You were arguing with this Mr. Keith Jefferson.
"A. Yes. He pushed me, so I pulled my knife out to keep him away from me. Ricky got between us once the people started crowding around. I got pushed. Ricky got stabbed.
"Q. So, by recklessly having the knife in your hand, he was injured.
"A. Right.
"the defendant: After they took me out of the club — my friend took me out of the club and I was coming back into the club and I seen them carrying Ricky outside. I didn’t know he had gotten stabbed, at the time it happened”.
Royal first received notice of the incident around February 28, 1994. Royal had its in-house detective investigate the incident. Royal claims they could not get all the facts of the incident and they could not get a statement from Love due to the pending criminal proceeding. Royal received the summons and complaint in the underlying personal injury action on or about June 6, 1994. Royal again tried to investigate the facts. On June 30, 1994 Royal sent a letter to Love concerning the defense of the underlying personal injury action. Royal’s letter specifically disclaimed coverage for any damages found to be expected or intended by Love. Royal then brought this action to determine the liabilities of the parties.
Royal argues that the homeowner’s policy purchased by Vincent Love does not provide insurance for the instant event. *892 The "Liability Coverages” provision under the policy reads as follows:
"If a claim is made or a suit is brought against an insured for damages because of bodily injury or property damage caused by an occurrence to which this coverage applies, we will:
"1. pay up to our limit of liability for the damages for which the insured is legally liable; and
"2. provide a defense at our expense.”
The policy defines "occurrence” as an "accident, including exposure to conditions, which results, during the policy period, in bodily injury or property damage.” The policy, however, excludes coverage for bodily injury "which is expected or intended by the insured.”
An intentional assault is an intentional act and as a result cannot constitute an accident. (Ward v Security Mut. Ins. Co., 192 AD2d 1000 [3d Dept 1993]; Royal Indem. Co. v Miller, 187 AD2d 956, 957 [4th Dept 1992].) These cases define an occurrence under the same wording of the Royal policy. The Appellate Division held that no coverage existed for an assault that is undisputedly intentional. A reading of the facts of the two cases cited reveals that the conduct of the insured was intentional. In the Ward case, the insured inflicted serious injuries as a result of a "beating.” In the Royal case, it was undisputed that the actions of the insured were intentional (kicked and punched victim in face and hit him in rib cage). In the present case, the facts do not submit themselves to an intentional act.
Vincent Love’s plea was to a reckless assault. Penal Law § 15.05 (3) defines "recklessly” as follows: "A person acts recklessly with respect to a result or to a circumstance described by a statute defining an offense when he is aware of and consciously disregards a substantial and unjustifiable risk that such result will occur or that such circumstance exists. The risk must be of such nature and degree that disregard thereof constitutes a gross deviation from the standard of conduct that a reasonable person would observe in the situation.” The issue becomes, therefore, whether a reckless assault constitutes an "occurrence” under the Royal policy. The law is clear that negligent acts are an "occurrence” and intentional acts are not. No case has been found directly deciding whether torts involving reckless conduct are an "occurrence” under the policy. Recklessness is a higher or more culpable form of negligence. (People v Montanez, 41 NY2d 53 [1976].) A person *893 acts recklessly if he or she is aware of and consciously disregards a substantial and unjustifiable risk. (People v Galatro, 194 AD2d 552 [2d Dept 1993].)
Two New York cases provide some guidance. Public Serv. Mut. Ins. Co. v Goldfarb (53 NY2d 392) involves a question of whether insurance coverage exists for professional malpractice involving sexual abuse of a client. Although the issue is not directly applicable to the present case, the Court stated, in dicta, that indemnity for compensatory damages would be allowable on grounds other than intentional causation of injuries like, for example, gross negligence, recklessness or wantonness. The facts of Teska v Atlantic Natl. Ins. Co. (59 Misc 2d 615 [Nassau Dist Ct]) involve a plaintiff who recovered a verdict of $750 for compensatory damages against the driver of an automobile insured by defendant insurance company. The court held the plaintiff was entitled to recover and the insurance company may not refuse to pay on the ground that the negligence of the driver was willful or wanton. (Supra.) Although this case does not involve recklessness, it involves conduct more serious than ordinary negligence. These two cases provide some authority for holding that reckless acts should receive coverage under the policy.
Other jurisdictions have considered the issue of whether reckless conduct bars indemnification under similar insurance policies. The jurisdictions considering this issue have found coverage when the insured’s conduct is reckless. (Annotation, Liability Insurance — Coverage, 20 ALR3d 320.) One of the first courts to consider this issue was the Supreme Judicial Court of Massachusetts in Sheehan v Goriansky (321 Mass 200, 72 NE2d 538 [1947]). In that case the insurer appealed a judgment ordering the insurer of an automobile liability policy to pay a judgment against the insured. The Supreme Judicial Court upheld the appellate court’s determination that wanton or reckless conduct fell within the policy definition of injury "caused by [an] accident” so as to provide coverage. (321 Mass, at 205, 72 NE2d, at 542, supra.) This holding was later followed in Andover Newton Theol. School v Continental Cas. Co. (409 Mass 350, 352, 566 NE2d 1117, 1118 [1991]) which held that finding of willfulness under the Age Discrimination in Employment Act, based on a finding of reckless disregard, is not a finding of "deliberate or intentional wrongdoing” so as to preclude indemnification of the employer by its insurer.
Missouri has held that reckless and wanton acts of a driver do not amount to intentional acts and do not permit an *894 automobile liability insurer to deny coverage under a liability policy excluding from coverage intentionally caused injuries. (Crull v Gleb, 382 SW2d 17 [1964 Mo Ct App].) California has held the act of leaving the scene of an accident and failing to render aid to the injured party was wanton, reckless and gross negligence, but standing alone it is not evidence of a wilful intent to injure the victim which would be a prerequisite to exonerate defendant from liability under the California Vehicle Code. (Escobedo v Travelers Ins. Co., 227 Cal App 2d 353, 359, 38 Cal Rptr 645, 649.)
None of the above-mentioned cases, of course, provide binding authority for this court. The cases do, however, provide guidance as to what other courts consider the proper degree of intent to exclude one from liability under the provisions of an insurance policy. The out-of-State courts hold that reckless conduct is within the coverage of the applicable insurance policy. Sheehan v Goriansky (supra) is the closest on point to the present case because it involves the issue of whether reckless conduct constitutes an "accident” under the policy. Similarly, the present case involves a determination as to whether reckless conduct constitutes an "occurrence” under Royal’s policy. Under the policy, an "occurrence” is defined as an accident which results in bodily injury or property damage. The highest court of Massachusetts explained that reckless conduct differs from intentional conduct in that the reckless wrongdoer, although intending the act, does not intend to cause the harm which results from it. (321 Mass, at 205, 72 NE2d, at 542, supra.) Since Sheehan v Goriansky (supra) holds that reckless conduct is an accident under the policy so as to provide coverage, it provides persuasive authority that Vincent Love’s reckless assault should constitute an occurrence under the Royal policy so as to provide coverage.
Royal cites Allstate Ins. Co. v Mugavero (79 NY2d 153). That case involves the Court of Appeals holding that there was no insurance coverage for injuries resulting from the intentional act of sexual abuse even though the harm was unintended. The Court reasoned that to intend the act of child molestation is also to intend the resulting harm and, therefore, the conduct fit under the policy exclusion for bodily injury "intentionally caused by an insured person.” (Supra, at 160.) Mugavero (supra) does not apply to the present case because Mugavero involves a criminal conviction for an intentional act rather than a reckless act. Furthermore, the Court was influenced by the abominable nature of the conduct, i.e., child molestation.
*895 Two New York cases exist involving civil actions for prior criminal acts involving reckless conduct where the insurance carrier was not required to provide coverage. These cases, however, do not apply to the present case due to the different wording of the policies. Green v Allstate Ins. Co. (172 AD2d 949 [3d Dept 1991]) involves a personal injury action against a person who had pleaded guilty to assault in the second degree (Penal Law § 120.05 [4]) involving reckless conduct. The Court held that Allstate does not have a duty to defend or indemnify its insured in the underlying personal injury action because the policy had a provision excluding coverage for intentional or criminal acts.
Allstate Ins. Co. v Zuk (160 AD2d 971, lv granted 76 NY2d 711) involved the same policy language as Green (supra). This case concerned a wrongful death action against William Zuk who had earlier pleaded guilty to the crime of manslaughter in the second degree (Penal Law § 125.15 [1]), which involves reckless conduct. The Court upheld the lower court’s judgment declaring that the plaintiff has no duty to defend or indemnify the defendant because the underlying act was a criminal act and fit within an exclusion of liability for criminal acts. (Supra, at 972.) Both Green v Allstate Ins. Co. and Allstate Ins. Co. v Zuk (supra) differ from the present case in that the Royal policy does not have a policy exclusion for "criminal acts”.
Defendant also argues that plaintiff is estopped, as a matter of law, from denying coverage due to a failure to give proper and timely notice of disclaimer. There is no need to rule on this issue because of this court’s determination that Royal provide coverage to defendant.
For all the foregoing reasons, this court grants Derrick A. Nash’s motion for summary judgment declaring that Royal is required to defend and indemnify Vincent Love under the terms of Love’s homeowner’s policy.