CENTRAL SYNAGOGUE et al., Appellants, v HERMITAGE INSURANCE COMPANY, Respondent. [828 NYS2d 538]—

In an action for contractual indemnification, the plaintiffs appeal, as limited by their notice of appeal and brief, from so much of an order of the Supreme Court, Westchester County (Bellantoni, J.), entered April 12, 2005, as denied that branch of their motion which was for summary judgment dismissing the fourth affirmative defense.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff Central Synagogue hired the plaintiff Turner Construction Company and several other contractors to renovate part of its building. One of the contractors, in turn, hired Angela's Construction Services (hereinafter Angela) as a subcontractor to perform "Rough Carpentry/Drywall/Acoustical Ceiling and related work" on the premises, in accordance with the contract documents. One of the tasks specified in the scope of work required Angela to "[p]rovide 2 (two) heavy duty, moveable ramps required for access to the lower level by dollies, carts, etc."

Before beginning work on the subcontract, Angela purchased a commercial general liability insurance policy from the defendant, Hermitage Insurance Company (hereinafter Hermitage). The policy declarations page contained a "classification" entitled "dry wall/wallboard installation," and the policy contained a "classification limitation" endorsement providing that "[c]overage under this policy applies only to those operations described in The Schedule of Insurance coverage parts and/or endorsements made a part of this policy."

Angela constructed the ramps as required. A worker at the site subsequently was injured in a fall from one of the ramps, and brought a personal injury action against the plaintiffs. Upon settling the case, the plaintiffs sought indemnification from Angela for its allegedly negligent construction of the ramp. A default judgment was eventually entered against Angela. After unsuccessfully attempting to collect on that judgment, the plaintiffs commenced the instant action for indemnification directly against Angela's insurer, Hermitage, pursuant to Insurance Law § 3420 (a) (2).

Hermitage's answer contained, inter alia, the affirmative defense that Angela's construction of the allegedly defective ramp did not fall within the "drywall/wallboard installation" classification limitation endorsement and, therefore, was beyond the scope of coverage. Before the commencement of discovery, the plaintiffs moved, inter alia, for summary judgment dismissing that affirmative defense, and Hermitage cross-moved for summary judgment dismissing the complaint. The court denied that branch of the motion and the cross motion, and the plaintiffs appeal from the denial of that branch of their motion. We affirm.

On this limited record, the Supreme Court properly determined that the plaintiffs failed to establish their prima facie entitlement to judgment as a matter of law (*see Ayotte v Gerva-*

*sio*, 81 NY2d 1062 [1993]). Among other things, there are unresolved issues of fact as to whether the ramps were constructed as an incident to the performance of covered operations (*see De Forte v Allstate Ins. Co.*, 81 AD2d 465, 468-469 [1981]; *Great Divide Ins. Co. v Carpenter ex rel. Reed*, 79 P3d 599, 605-607 [Alaska 2003]; 9A Couch on Insurance § 129:2 [3 ed]; *cf. Minerva v Merchants Mut. Ins. Co.*, 117 AD2d 720, 721 [1986]). Accordingly, summary judgment dismissing the fourth affirmative defense was properly denied (*see United States Underwriters Ins. Co. v United Pac. Assoc., LLC*, 2006 WL 1329756, 2006 US Dist Lexis 30080 [ED NY, May 16, 2006]). For the same reason, Hermitage's request on appeal that we search the record and award summary judgment dismissing the complaint must be denied.

Hermitage's remaining contention is not properly before us. Schmidt, J.P., Crane, Skelos and Fisher, JJ., concur.