■ HOME MUTUAL INSURANCE COMPANY, Appellant, v JOSEPH LAPI et al., Respondents. [596 NYS2d 885] —Weiss, P. J. Appeal from an order of the Supreme Court (Keniry, J.), entered July 17, 1992 in Schenectady County, which denied plaintiff's motion for summary judgment.

On April 2, 1985, defendant Joseph Lapi attacked and inflicted bodily injury upon defendant Louis Altieri at the Schenectady County Department of Public Works garage in the Town of Rotterdam where both were employed. Lapi pleaded guilty to the charge of assault in the second degree on June 21, 1985. On February 10, 1986, Altieri commenced a

civil action against Lapi who delivered the process to his homeowner's insurance carrier, plaintiff, on February 24, 1986, this being the first notice plaintiff had of the incident. Plaintiff disclaimed liability on March 7, 1986 on the grounds that the policy expressly excluded liability coverage for bodily injury "which is expected or intended by the insured" and, second, that Lapi failed to give notice of the occurrence to plaintiff or its agent "as soon as practicable". Plaintiff commenced this action almost five years later seeking a declaration that its disclaimer was proper and that it was under no obligation to defend or indemnify Lapi in the Altieri action. Six years after his guilty plea and more than five years after the commencement of the underlying action, Lapi successfully moved for a writ of coram nobis to vacate his conviction under Penal Law § 120.05 (1). County Court permitted him to substitute instead a plea of guilty to Penal Law § 120.05 (4) (assault in the second degree by "recklessly caus[ing] serious physical injury to another person by means of a deadly weapon or a dangerous instrument") upon his assertion, for the first time, that his conduct had been unintentional and was caused by the influence of alcohol.

Supreme Court denied plaintiff's motion for summary judgment which was based on the contention that the acts were excluded from coverage and that Lapi's notice to it was untimely. Supreme Court held that a jury could conceivably find that Lapi's acts were negligent, triggering coverage under the policy, and, further, that a triable issue of fact existed as to the reasonableness of the notice given. Plaintiff has appealed.

Generally, an insurer is obligated to provide a defense unless it can " 'demonstrate that the allegations of the complaint cast that pleading solely and entirely within the policy exclusions, and, further, that the allegations, *in toto,* are subject to no other interpretation' " (*Allstate Ins. Co. v Mugavero,* 79 NY2d 153, 159, quoting *International Paper Co. v Continental Cas. Co.,* 35 NY2d 322, 325). Put another way, the carrier must prove that, as a matter of law, there is no possible factual or legal basis on which it may eventually be held liable under its policy *(First State Ins. Co. v J & S United Amusement Corp.,* 67 NY2d 1044, 1046; *see, Spoor-Lasher Co. v Aetna Cas. & Sur. Co.,* 39 NY2d 875, 876).

The question posited here is whether there is any possible factual or legal basis upon which to find that the bodily injuries inflicted upon Altieri were not "expected or intended" by Lapi. Until the vacatur of the 1985 conviction, it was

beyond cavil that the exclusionary clause triggered the escape hatch for plaintiff because of Lapi's allocution under oath in open court, admitting that he did "commit the offense * * * with intent to cause serious physical injury to one, Louis Altieri, by striking him in the face with a sign post". Equally condemning, Lapi had signed the statement made to plaintiff's investigator in which he recounted: "I walked over and hit him with my fist in the face. That did not knock him out and we started to fight * * *. We rolled around on the floor as we fought and I took a sign post (metal) and hit him with it in the shoulder or head."

Thus, it can hardly be questioned that he expected to hurt Altieri. At that point in time, the prior criminal proceeding would have collaterally estopped Lapi from litigating the issue of his intent to inflict bodily injury in this declaratory judgment action by plaintiff (see, D'Arata v New York Cent. Mut. Fire Ins. Co., 76 NY2d 659; see also, Matter of Nassau Ins. Co. [Bergen—Superintendent of Ins.], 78 NY2d 888). Lapi, argues, however, that his conviction under Penal Law § 120.05 (1) no longer exists nor is his allocution extant, there remaining only his 1991 admission that he recklessly caused serious physical injury to Altieri. Counsel candidly concedes that the underlying purpose of the motion was to "increase the likelihood that the victim would be compensated for his loss" and that "[a] plea to an intentional act would obviously prevent any possibility of coverage under Lapi's homeowner's insurance".

Altieri's complaint alleges that Lapi "so carelessly and negligently conducted himself * * * as to cause injuries to the plaintiff". We generally look only to the pleading and limit our examination to the nature of the conduct described (Allstate Ins. Co. v Mugavero, supra, at 159). Unless plaintiff can demonstrate that those allegations fall solely and entirely within the policy exclusions in toto and are subject to no other interpretation, it is obligated to defend Lapi (see, International Paper Co. v Continental Cas. Co., supra, at 325).

Supreme Court's determination that Lapi's intent and expectation presents a triable factual issue can be distilled essentially to a credibility issue, which, indeed, usually requires denial of summary judgment (see generally, Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3212:6, at 314-315). However, as this Court has recently held, "there are of course instances where credibility is properly determined as a matter of law" (Rickert v Travelers Ins. Co., 159 AD2d 758, 759, lv denied 76 NY2d 701). As we found in Rickert v Travelers Ins. Co. (supra), this case also

presents one of those instances of implausibility. Six years after his open-court admissions, Lapi's recollection that his attack on Altieri was influenced by alcohol and was recklessly committed with neither the intention nor expectation that injuries would result is incredible as a matter of law. It is more reasonable to accept the explanation that the changes were made to create insurance coverage where none had existed. We should not supply an imprimatur to that motive.

Having thus found, it is unnecessary for us to reach the remaining contention concerning the timeliness of the notice.

Mikoll, Yesawich Jr., Levine and Crew III, JJ., concur. Ordered that the order is reversed, on the law, with costs, motion granted, summary judgment awarded to plaintiff and it is declared that plaintiff has no duty to defend or indemnify defendant Joseph Lapi in the underlying action against him by defendant Louis Altieri.