■ UTICA FIRE INSURANCE COMPANY OF ONEIDA COUNTY, N. Y., Appellant, v THOMAS SHELTON et al., Respondents. [641 NYS2d 864] —In an action for a judgment declaring that the plaintiff is not obligated to defend or indemnify the defendant Thomas Shelton in an underlying action commenced by the defendant Murray Naviloff against the defendant Thomas Shelton, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Suffolk County (Henry, J.), dated January 25, 1995, as denied its motion for summary judgment.

Ordered that the order is reversed insofar as appealed from, on the law, with one bill of costs payable to the respondent Murray Naviloff, the plaintiff's motion for summary judgment is granted, and the matter is remitted to the Supreme Court, Suffolk County, for the entry of a judgment declaring that the plaintiff is not obligated to defend or indemnify the defendant Thomas Shelton in the underlying action commenced by the defendant Murray Naviloff against the defendant Thomas Shelton.

On June 8, 1990, the defendant Murray Naviloff, a Suffolk

County police officer, was in the process of arresting the defendant Thomas Shelton when Shelton punched Naviloff in the eye, causing injuries to Naviloff's eye. Shelton, who was originally chàrged with assault in the second degree, subsequently pleaded guilty to assault in the third degree under Penal Law § 120.00 (2). During the plea allocution, Shelton acknowledged punching Naviloff in the eye causing lacerations to his eye. Naviloff thereafter commenced an action against Shelton to recover damages for personal injuries.

The homeowners policy issued by the plaintiff in this case provides that there is no coverage for bodily injuries which are "expected or intended by the insured". Thus, although Shelton, the insured, was convicted of assault in the third degree under Penal Law § 120.00 (2) for *recklessly* causing physical injury to Naviloff, there is no insurance coverage under the terms of the policy if the resulting injury could reasonably be expected from the conduct (*cf., Allstate Ins. Co. v Zuk,* 78 NY2d 41). The Third Department has stated that "personal injuries or property damages are expected if the actor knew or should have known there was a substantial probability that a certain result would take place" (*County of Broome v Aetna Cas. & Sur. Co.,* 146 AD2d 337, 340). The question is whether the damages "flow directly and immediately from an intended act, thereby precluding coverage", or whether the damages "accidentally arise out of a chain of unintended though expected or foreseeable events that occurred after an intentional act" (*Continental Ins. Co. v Colangione,* 107 AD2d 978, 979). The court must look at the transaction as a whole in determining whether an accident has occurred (*see, McGroarty v Great Am. Ins. Co.,* 36 NY2d 358, 364).

Applying these principles to the particular facts of the instant case, it is clear that Naviloff's eye injuries were to be reasonably expected by Shelton when he punched him in the eye (*see, Monter v CNA Ins. Cos.,* 202 AD2d 405). Since Shelton's conduct was not covered under the policy, the plaintiff is not obligated to defend or indemnify him.

Since the homeowners policy does not provide coverage for Shelton's criminal conduct herein, and since the "failure to have earlier disclaimed does not create coverage which the policy does not provide" (*Sears Oil Co. v Merchants Ins. Group,* 88 AD2d 753), the plaintiff was not estopped from disclaiming coverage in this case (*see, Pawelek v Security Mut. Ins. Co.,* 143 AD2d 514; *see also, John Hancock Prop. & Cas. Ins. Co. v Warmuth,* 205 AD2d 587). Balletta, J. P., Sullivan, Santucci and Altman, JJ., concur.