[644 NYS2d 819]

MARIANO PISTOLESI et al., Respondents, v NATIONWIDE MUTUAL FIRE INSURANCE COMPANY, Appellant.

Third Department, June 20, 1996

## APPEARANCES OF COUNSEL

*Brooks & Meyer,* Lake Placid *(James M. Brooks* of counsel), for appellant.

*Petrone & Petrone, P. C.,* Utica *(Linda A. Hughes* and *James P. Godemann* of counsel), for respondents.

## OPINION OF THE COURT

CASEY, J.

At issue in this appeal is whether defendant, an insurance company, has a duty to defend one of its insureds in a civil action in which the victim of a series of rapes seeks to recover damages for physical and emotional injuries sustained as a result of the rapes. The amended complaint in the underlying action alleges that plaintiff Mariano Pistolesi (hereinafter the insured), defendant's insured under a homeowner's policy issued to plaintiff Anatoli Pistolesi, acted intentionally in subjecting the victim to physical battery, including nonconsensual sexual intercourse. After being notified of the civil action against its insured, defendant disclaimed coverage, claiming, *inter alia,* that there had been no occurrence within the meaning of the liability coverage provisions of the policy because the victim's injuries were not the result of an accident. Plaintiffs thereafter commenced this action for declaratory relief, including a declaration that defendant was obligated to defend and indemnify the insured in the underlying civil action. After issue was joined, the parties cross-moved for summary judgment. Supreme Court granted plaintiffs' motion and declared that defendant was obligated to defend the insured in the underlying civil action resulting in these appeals by defendant.

Defendant's policy provides personal liability coverage for damages the insured is legally obligated to pay due to an occurrence, which is defined to include injuries resulting from an accident. Defendant argues that its policy does not provide coverage because the victim's injuries were the result of the insured's intentional act, not an accident, and there is case law which supports defendant's argument *(see, Ward v Security Mut. Ins. Co.,* 192 AD2d 1000, *lv denied* 82 NY2d 655). In this case, however, the policy contains an express exclusion of liability coverage for injuries "expected or intended by the insured" and, therefore, we are of the view that the critical issue is not whether the sexual assault was an intentional act, but whether the harm that resulted to the victim from the sexual assault could have been other than harm "expected or intended by the insured" within the meaning of the policy exclusion *(see, Allstate Ins. Co. v Mugavero,* 79 NY2d 153, 159). For the purposes of resolving the issue, we must look to the al-

legations of the complaint in the underlying action and we must assume that what is alleged actually happened (*see, supra,* at 159).

The parties agree that the fifth cause of action of the amended complaint contains the only allegations which arguably fall outside the scope of the exclusion. The fifth cause of action repeats the allegation that the insured intentionally subjected the victim to nonconsensual sexual intercourse, but also alleges that the victim's physical and emotional injuries are the "unintended results" of the insured's intentional actions. Allegations of negligence would be sufficient to trigger defendant's duty to defend (*see, Amica Mut. Ins. Co. v Grose,* 166 AD2d 877; *see also, Merrimack Mut. Fire Ins. Co. v Carpenter,* 224 AD2d 894), but the mere allegation that the injuries were the unintended result of an intentional act does not convert the cause of action from one sounding in intentional tort to one sounding in negligence, for there is no such thing as a negligent assault (*see, Mazzaferro v Albany Motel Enters.,* 127 AD2d 374, 376). Plaintiffs nevertheless contend that the fifth cause of action can be construed as alleging negligence, in that there was no "offensive contact". According to plaintiffs, the unintended results alleged in the fifth cause of action could have occurred because the insured may have acted in the belief that the victim had consented to the act of sexual intercourse when in fact she had not consented. Thus, plaintiffs argue, if the trier of fact finds that the insured was merely mistaken in his belief that the victim consented, insurance coverage would attach. The most notable of the flaws in plaintiffs' argument is that the fifth cause of action alleges that the victim was physically unable to consent at the time of the intentional acts.

The absence of any allegations of negligence is not fatal to plaintiffs' claim, however, for an insured may seek indemnity for unintentional injuries resulting from intentional acts (*see, Public Serv. Mut. Ins. Co. v Goldfarb,* 53 NY2d 392, 399). Thus, for example, coverage was found where an insured intended an offensive contact to force another person to leave the place she was standing, but did not intend the physical injuries that resulted from the physical contact (*Baldinger v Consolidated Mut. Ins. Co.,* 15 AD2d 526, *affd* 11 NY2d 1026). In a similar context, death by heroin overdose was ruled not to be intentional, although the injection of heroin was clearly an intentional act (*Miller v Continental Ins. Co.,* 40 NY2d 675).

Not every claim that the injuries resulting from an intentional act were unintended will trigger an insurer's duty to

defend (*see, Home Mut. Ins. Co. v Lapi*, 192 AD2d 927). Thus, in *Allstate Ins. Co. v Mugavero* (79 NY2d 153, *supra*), the Court of Appeals held that the harm to children which resulted from the insured's sexual assaults could not have been other than intentionally caused, despite the theoretical possibility that the insured lacked the subjective intent to cause the harm. Although "the heightened awareness of the serious consequences of child sexual abuse" clearly played an important role in the Court's decision (*supra*, at 161), the *Mugavero* case has been cited for the principle that "where the harm to the victims was inherent in the nature of the acts alleged, whatever injuries resulted were, as a matter of law, 'intentionally caused' " (*Monter v CNA Ins. Cos.*, 202 AD2d 405, 406; *see, Jacobs v Aetna Cas. & Sur. Co.*, 216 AD2d 942, 943, *lv dismissed* 86 NY2d 838, *lv denied* 87 NY2d 806).

We are of the view that the existence of defendant's duty to defend in this case depends upon whether the victim's injuries are inherent in the nature of the insured's sexual assault and constitute harm "which flows directly and immediately from [the insured's] intentional act, rather than arising out of a chain of unintended though foreseeable events that occurred after the intentional act" (*Ford Nursing Home Co. v Fireman's Ins. Co.*, 86 AD2d 736, 737, *affd* 57 NY2d 656; *see, Salimbene v Merchants Mut. Ins. Co.*, 217 AD2d 991, 994; *cf., Messersmith v American Fid. Co.*, 232 NY 161, 165-166). The physical and emotional injuries alleged in the fifth cause of action of the victim's amended complaint clearly constitute the type of harm that could only have flowed directly and immediately from the insured's intentional sexual assault on the victim. The harm was, as a matter of law, inherent in the nature of the insured's intentional act and, therefore, the exclusion is applicable. As in the *Mugavero* case, our conclusion is buttressed by recognizing the consequences of permitting the insured "to transfer the responsibility for his deeds onto the shoulders of other homeowners in the form of higher premiums" (*Allstate Ins. Co. v Mugavero, supra*, at 161). The order and judgment should be reversed and summary judgment should be granted to defendant.

MERCURE, J. P., WHITE, PETERS and SPAIN, JJ., concur.

Ordered that the order and judgment are reversed, on the

law, with costs, motion denied, cross motion granted, summary judgment awarded to defendant, and it is declared that defendant has no duty to defend plaintiff Mariano Pistolesi in the underlying civil action.