(May 12, 1997)

■ ALLSTATE INSURANCE COMPANY, Appellant, v PAUL RUGGIERO et al., Respondents. [658 NYS2d 321] —In an action for a

judgment declaring that Allstate Insurance Company is not obligated to defend or indemnify the defendant Paul Ruggiero in an underlying action commenced by the defendant Steve Scali, Allstate Insurance Company appeals from an order of the Supreme Court, Nassau County (DiNoto, J.), dated April 2, 1996, which denied its motion for summary judgment.

Ordered that the order is reversed, on the law, with costs, the motion for summary judgment is granted, and the matter is remitted to the Supreme Court, Nassau County, for the entry of a judgment declaring that Allstate Insurance Company is not obligated to defend or indemnify Paul Ruggiero in the underlying action commenced against him by Steve Scali.

On January 11, 1991, the defendant Paul Ruggiero allegedly punched and kicked the defendant Steve Scali in the face. Scali thereafter commenced an action against Ruggiero to recover damages for personal injuries. Allstate Insurance Company (hereinafter Allstate), which had issued a homeowner's policy to Ruggiero's parents, brought this action for a judgment declaring that Allstate is not obligated to defend or indemnify Ruggiero in the underlying action.

The homeowners policy issued by Allstate in this case provides that it does not "cover any bodily injury * * * which may reasonably be expected to result from the intentional or criminal acts of an insured person or which are in fact intended by an insured person". Thus, there is no insurance coverage under the terms of the policy if the resulting injury could reasonably be expected from the conduct (cf., Allstate Ins. Co. v Zuk, 78 NY2d 41). The court must look at the transaction as a whole in determining whether an accident has occurred (see, McGroarty v Great Am. Ins. Co., 36 NY2d 358, 364).

It is clear that Scali's injuries were to be reasonably expected by Ruggiero when he punched and kicked him in the face (see, Utica Fire Ins. Co. v Shelton, 226 AD2d 705; Monter v CNA Ins. Cos., 202 AD2d 405). Since Ruggiero's conduct was not covered under the policy, Allstate is not obligated to defend or indemnify him. Bracken, J. P., Copertino, Santucci and McGinity, JJ., concur.