■ JOSEPH DOYLE, JR., Respondent-Appellant, v ALLSTATE INSURANCE COMPANY, Appellant-Respondent. [680 NYS2d 741] —Peters, J. Cross appeals from an order of the Supreme Court (Williams, J.), entered January 9, 1998 in Saratoga County, which, *inter alia*, partially denied defendant's cross motion for summary judgment dismissing the complaint and partially denied plaintiff's motion for summary judgment.

During a "heated verbal discussion" between plaintiff and Virginia Doyle on August 6, 1992, plaintiff allegedly turned and suddenly pushed Doyle, causing her to lose her balance, fall backward and break her left wrist. After the parties were married, Doyle alleged that on both December 15, 1992 and March 2, 1993, "without any just cause or provocation", plaintiff "maliciously assaulted, beat, pushed, shoved and kicked [her]", and then either choked her or "violently threw her upon the wall several times * * * beat[ing] her with his hands".

Charged with the crime of assault in the third degree, later dismissed by the Town Court of the Town of Broadalbin since plaintiff had already been prosecuted in Family Court for the same offense, an action was commenced, by complaint dated December 13, 1993, alleging personal injuries due to the three incidents.

Seeking defense and indemnification from defendant, grounded upon his homeowner's policy, plaintiff was informed, by letter dated February 16, 1994, that due to the policy exclusions for "bodily injury or property damage resulting from * * * an act or omission intended or expected to cause bodily injury or property damage", "even if the bodily injury or property damage is of a different kind or degree * * * than that intended or expected", defendant would not be providing a defense. Moreover, as a result of plaintiff's marriage to Doyle, defendant contended that incidents occurring thereafter would not be covered by the policy since it did not cover "bodily injury to an insured person".

Plaintiff retained counsel to defend the suit at his own expense, which was ultimately settled for $25,000 in connection with the parties' pending divorce action. Prior to the settlement, however, plaintiff commenced the instant action seeking a declaration that defendant was obligated to defend and indemnify him. Defendant submitted an answer with affirmative defenses, plaintiff amended his complaint to add a claim for breach of contract, and after the issuance of an order of preclusion against defendant, plaintiff moved for summary judgment, prompting defendant's cross motion for summary judgment.

Supreme Court dismissed those causes of action alleging injuries arising from conduct occurring after the parties' marriage, but held that defendant had a duty to defend plaintiff since there remained issues as to whether plaintiff's conduct on August 6, 1992 was negligent, whether the counsel fees he incurred were reasonable and whether defendant would be required to indemnify a settlement cost which it neither consented to nor was aware of. This appeal and plaintiff's cross-appeal ensued.

Upon our review of the relevant policy provisions, the allegations of the personal injury complaint, amplifications thereof in the bill of particulars as well as "extrinsic facts" (see, Continental Cas. Co. v Rapid-American Corp., 80 NY2d 640, 648; Jubin v St. Paul Fire & Mar. Ins. Co., 236 AD2d 712, 713), we find that " 'the harm * * * was inherent in the nature of the acts alleged * * * [such as to be] intentionally caused within the meaning of the policy exclusion' " (Tomain v Allstate Ins. Co., 238 AD2d 774, 775, quoting Monter v CNA Ins. Cos., 202 AD2d 405, 406). In so finding, we note our obligation to distinguish between harm " 'which flows directly and immediately from [the insured's] intentional act, rather than arising out of a chain of unintended though foreseeable events that occurred

after the intentional act' " (*Pistolesi v Nationwide Mut. Fire Ins. Co.*, 223 AD2d 94, 97, *lv denied* 88 NY2d 816, quoting *Ford Nursing Home Co. v Fireman's Ins. Co.*, 86 AD2d 736, 737, *affd* 57 NY2d 656). Notwithstanding plaintiff's characterization of these acts as negligence (*see, Redding-Hunter, Inc. v Aetna Cas. & Sur. Co.*, 206 AD2d 805, 806, *lv denied* 86 NY2d 709), we find that the resultant injuries to Doyle caused by plaintiff's acts could not be characterized as anything other than "an act or omission intended or expected to cause bodily injury", even if they were of a "different kind or degree" than that which he may have expected (*see, Jubin v St. Paul Fire & Mar. Ins. Co., supra*). Hence, plaintiff should not be "permitted to transfer the responsibility for his deeds onto the shoulders of other homeowners in the form of higher premiums" (*Allstate Ins. Co. v Mugavero*, 79 NY2d 153, 161).

Finding no obligation on defendant's part to defend plaintiff, we need not address the remaining contentions as to the reasonableness of counsel fees or the settlement of the underlying action.

Cardona, P. J., Mikoll, Mercure and Carpinello, JJ., concur. Ordered that the order is modified, on the law, with costs to defendant, by reversing so much thereof as granted plaintiff's motion and denied defendant's cross motion with regard to plaintiff's conduct on August 6, 1992; motion denied and cross motion granted to that extent, summary judgment awarded to defendant on that cause of action and it is declared that defendant did not have a duty to defend or indemnify plaintiff for any of the acts alleged in the complaint; and, as so modified, affirmed.