■ PENNSYLVANIA MILLERS MUTUAL INSURANCE COMPANY, Respondent, v STEPHEN F. RIGO, Appellant, et al., Defendants, [681 NYS2d 414] —Graffeo, J. Appeals (1) from an order of the Supreme Court (Ingraham, J.), entered January 6, 1998 in Otsego County, which granted plaintiff's motion for summary judgment and declared that plaintiff has no duty to defend or indemnify defendant, and (2) from the judgment entered thereon.

On September 5, 1992, defendant and several acquaintances had been drinking at a bar in the City of Oneonta, Otsego

County. Defendant climbed an exterior fire escape to the rooftop of a building and claimed that he "thought" he observed Jonathan Fish make an obscene gesture at him from the street below. After descending, defendant again saw Fish, approached him without warning and struck him in the jaw with a closed fist, knocking both Fish and a woman he was with to the pavement. Fish sustained a broken jaw and a fractured skull as the result of the assault. Defendant was arrested and charged with assault in the second degree, assault in the third degree and reckless endangerment in the first degree. During the plea allocution in which defendant pleaded guilty to felony reckless endangerment, the prosecutor advised County Court that although he believed intentional felony assault was the more appropriate charge, he would accept a plea to reckless endangerment in the first degree in order to avoid precluding insurance coverage for defendant in any possible civil action by the victim.

Plaintiff commenced this action seeking a declaration that it did not have a duty to defend or indemnify defendant in Fish's tort action based on the fact that Fish's injuries were an expected or intended consequence of defendant's intentional assault. Supreme Court granted plaintiff's motion for summary judgment and defendant now appeals.

It is well settled that an insurer's duty to defend is broader than its duty to indemnify and a defense must be provided unless the insurer demonstrates " 'that the allegations of the complaint cast that pleading solely and entirely within the policy exclusions, and, further, that the allegations, *in toto*, are subject to no other interpretation' " (*Allstate Ins. Co. v Mugavero*, 79 NY2d 153, 159, quoting *International Paper Co. v Continental Cas. Co.*, 35 NY2d 322, 325). Although an insurer's duty to defend is based upon allegations contained in the complaint (*see, Allstate Ins. Co. v Mugavero, supra*, at 162), extrinsic facts may be considered by the insurer (*see, Continental Cas. Co. v Rapid-American Corp.*, 80 NY2d 640; *Robbins v Michigan Millers Mut. Ins. Co.*, 236 AD2d 769, 770). In determining whether the intentional acts exclusion of a policy bars coverage, the relevant inquiry is "whether there is any possible factual or legal basis upon which to find that the bodily injuries inflicted upon [Fish] were not 'expected or intended' by [defendant]" (*Home Mut. Ins. Co. v Lapi*, 192 AD2d 927, 928).

Here, there are no facts set forth in the complaint or evident in the record to suggest that the incident was not the result of intentional conduct. It is undisputed that defendant intentionally, and without warning, struck Fish in the jaw with a closed fist which caused him to fall to the ground. Under these cir-

cumstances, it is clear that Fish's injuries flowed directly from defendant's purposeful act (*see, Utica Fire Ins. Co. v Shelton,* 226 AD2d 705; *Pistolesi v Nationwide Mut. Fire Ins. Co.,* 223 AD2d 94, *lv denied* 88 NY2d 816). Although the complaint contains a cause of action based on negligence, this claim is conclusory and unsupported by any facts contained in the record.

Defendant argues that he acted in a "reckless and stupid manner" but that he did not intend to injure Fish. An insurer's duty to defend, however, will not be triggered merely by a claim that the injuries resulted from an intentional act but were unintended where, as here, the harm to the victim was inherent in the nature and force of the act (*see, Allstate Ins. Co. v Mugavero, supra*). Defendant's statement during his deposition intimating that he did not intend to injure Fish is conclusory, unsupported and not credible as a matter of law (*see, Home Mut. Ins. Co. v Lapi, supra,* at 929-930). Since plaintiff has demonstrated that there is no possible factual or legal basis upon which to find that the injuries sustained by Fish were not "expected or intended" by defendant (*see, id.*), Supreme Court appropriately granted plaintiff's motion for summary judgment and made a declaration in its favor.

Cardona, P. J., Peters, Spain and Carpinello, JJ., concur. Ordered that the order and judgment are affirmed, with costs.