ERIC P. FARINA, SR., et al., Respondents, v SECURITY MUTUAL INSURANCE COMPANY, Appellant. [709 NYS2d 304] —Judgment unanimously reversed on the law without costs and judgment granted in accordance with the following Memorandum: Plaintiffs commenced this action seeking judgment declaring that defendant must indemnify its insured with respect to a judgment awarded plaintiffs in the underlying action against defendant's insured (*see,* Insurance Law § 3420 [a] [2]). Defendant provided a defense for its insured in the underlying action, but refused to provide indemnification because the jury found that the insured had caused the infant plaintiff's injuries by "an intentional action which was intended to cause injury less serious than actually suffered by [the infant plaintiff]".

Supreme Court erred in granting judgment in favor of plaintiffs and should have granted judgment in favor of defendant. The homeowner's policy issued by defendant covers the insured for liability arising from an "occurrence", defined by the policy as an "accident". Further, coverage is excluded with regard to liability "caused intentionally by" an insured. The finding of the jury in the underlying action conclusively establishes that the infant plaintiff's injuries were caused by intentional rather than accidental conduct. We therefore reverse the judgment and grant judgment in favor of defendant declaring that it has no obligation to indemnify plaintiffs with respect to the judgment in the underlying action (*see, Pennsylvania Millers Mut. Ins. Co. v Rigo*, 256 AD2d 769, 770-771; *Salimbene v Merchants Mut. Ins. Co.*, 217 AD2d 991, 994; *see generally, Allstate Ins. Co. v Mugavero*, 79 NY2d 153, 160-161).

We reject plaintiffs' contentions that the verdict in the underlying action is "based on negligence" because the amount awarded was reduced 20% for the infant plaintiff's comparative negligence and that the injuries were accidental because their severity was unintended. (Appeal from Judgment of Supreme Court, Niagara County, Joslin, J.—Declaratory Judgment.) Present—Pigott, Jr., P. J., Pine, Hurlbutt and Lawton, JJ.