■ JOHN P. DINNENY, Respondent, v ALLSTATE INSURANCE COMPANY, Appellant. [744 NYS2d 74] —Spain, J. Appeal from an order of the Supreme Court (Leaman, J.), entered December 21, 2001 in Ulster County, which denied defendant's motion for summary judgment dismissing the complaint.

Plaintiff commenced this action seeking compensation for injuries sustained on June 27, 1995, when Vincent Mazzone

(now deceased) struck him about his neck and body with a hatchet after plaintiff had offered roses to Mazzone's wife, who was sitting with friends on the front porch of the Mazzone residence. At the time of the attack, Mazzone possessed a homeowner's insurance policy issued by defendant. Defendant issued a disclaimer letter to Mazzone dated July 13, 1995, citing policy exclusions denying coverage where the alleged bodily injury results from "an act or omission intended or expected to cause bodily injury" (hereinafter referred to as the intended or expected exclusion) or "an act or omission committed by an insured person while insane or while lacking the mental capacity to control his or her conduct or while unable to form any intent to cause bodily injury" (hereinafter referred to as the mental incapacity exclusion).[1]

After plaintiff commenced an action against Mazzone in 1996, defendant issued a second disclaimer letter dated July 2, 1996 which relied on the same policy exclusions cited in the 1995 disclaimer letter. Mazzone ultimately defaulted and Supreme Court entered a judgment against him for $349,207, which he failed to pay. Thereafter, plaintiff commenced this action seeking a declaration that defendant has a legal duty to indemnify Mazzone under the homeowner's policy.

Prior to the completion of discovery, defendant moved for summary judgment solely upon the ground that the incident was excluded from coverage by the intended or expected exclusion and the mental incapacity exclusion. Supreme Court found that defendant had set forth a prima facie case for summary judgment but denied the motion, reasoning that plaintiff had established triable questions of fact as to whether Mazzone possessed the mental capacity to form the requisite intent under the intended or expected exclusion and whether the mental incapacity exclusion was in effect at the time of the incident. Defendant appeals and we affirm.

Initially, we decline to address defendant's contention—raised for the first time in this Court—that, as a threshold matter, the event was not an accident and thus not covered by the policy, which covers "damages which an insured person becomes legally obligated to pay because of bodily injury or property damage arising from an *accident*" (emphasis supplied). In its disclaimer letter, defendant expressly referred to the incident as an accident, instead disclaiming coverage based on policy exclusions and, thus, should not now be permitted to state a different basis for denying coverage (*see*, Insurance Law

---

1. The letter also referred to exclusions based on conduct criminal in nature, but those exclusions are not at issue on this appeal.

§ 3420 [d]; *Agoado Realty Corp. v United Intl. Ins. Co.*, 95 NY2d 141, 144). Furthermore, defendant's failure to raise the issue in its motion for summary judgment prevented Supreme Court from considering the issue, which we will not address for the first time on appeal (*see, Connecticut Natl. Bank v Peach Lake Plaza*, 204 AD2d 909, 911).

Turning, therefore, to the policy exclusions, we agree with Supreme Court that plaintiff raised a triable issue of fact as to whether the intended or expected exclusion is applicable here. As a threshold matter, defendant clearly proffered evidence sufficient to state a prima facie case that Mazzone acted intentionally and that, given the nature of his act—striking another human being with a hatchet—the resultant injuries could be expected (*see, Allstate Ins. Co. v Mugavero*, 79 NY2d 153, 160; *Pennsylvania Millers Mut. Ins. Co. v Rigo*, 256 AD2d 769, 770-771; *Doyle v Allstate Ins. Co.*, 255 AD2d 795, 796-797). However, relying on Mazzone's psychiatric records, Supreme Court found that, at the time of the attack on plaintiff, Mazzone may have been suffering from Alzheimer's-type dementia, with delusions. Although plaintiff submitted these records late, we cannot conclude that Supreme Court erred in considering them, given its finding that the records are otherwise admissible and that plaintiff had diligently pursued obtaining them in a timely manner (*see*, CPLR 2214 [c]; *Pallette Stone Corp. v Mangino*, 217 AD2d 738, 739). Viewing the facts in the light most favorable to plaintiff, we agree with Supreme Court that the medical records raise a triable issue of fact as to whether defendant had the capacity to form the requisite intent to harm plaintiff (*see, Matijiw v New York Cent. Mut. Fire Ins. Co.*, 292 AD2d 865, 866; *Green v Allstate Ins. Co.*, 177 AD2d 871, 872).

Defendant argues that even if Mazzone lacked the mental capacity to form the necessary intent to assault plaintiff, coverage is nevertheless barred by the mental incapacity exclusion. Defendant established that the homeowner's policy in effect for the Mazzone residence when Mazzone attacked plaintiff in June 1995 was defendant's form number AU2069, entitled "Allstate Deluxe Homeowners Policy," which provided coverage from July 15, 1994 through July 15, 1995 and contained both of the exclusionary provisions upon which defendant relies on this motion. The record evidence reveals, however, that in August 1994, the State Insurance Department (hereinafter Department) commented on these exclusionary provisions in the context of reviewing an updated deluxe policy form, number AP316, entitled "Allstate Deluxe Policy," which defendant had

submitted to the Department for approval. The Department issued a letter to defendant stating that "in our view, exclusion for acts committed by insureds who lacks [*sic*] mental capacity deprives insureds of appropriate protection under the homeowners policy and may place the entire household in jeopardy for acts committed by those excluded members who are innocent of any conscious wrongdoing." In a letter dated August 16, 1994, defendant responded, "We propose to amend the exclusion to remove [the mental incapacity exclusion] which will delete the language pertaining to insured persons lacking the mental capacity." Form AP316 was thereafter approved for sale in New York without the mental incapacity exclusion.

Defendant contends that regardless of the Department's reaction to the mental incapacity exclusion and its decision to omit that exclusion from its current deluxe policy, the Mazzones did not receive the added protection from that change until their policy was renewed and form AP316 was issued to them on July 15, 1995, several weeks after the attack on plaintiff. We disagree. It is undisputed that form AP316 was approved for sale as of February 15, 1995 and that, thereafter, defendant immediately began issuing that form for any new business.[2] Form AU2069 contains a provision entitled "Coverage Changes," which states, "When [defendant] broadens coverage during the premium period without charge, you have the new features if you have the coverage to which they apply." Given this clear language and the "hornbook rule that policies of insurance, drawn as they ordinarily are by the insurer, are to be liberally construed in favor of the insured" (*Miller v Continental Ins. Co.*, 40 NY2d 675, 678; *see, Slayko v Security Mut. Ins. Co.*, 285 AD2d 875, 877, *lv granted* 97 NY2d 605), combined with the public policy of providing adequate protection to insureds (*see*, Insurance Law § 3420), we find untenable defendant's position that its existing policy holders would not be entitled to the benefit of the agreed-upon change recommended by the Department until their respective renewal dates.

We hold, therefore, that the mental incapacity exclusion was not in effect for the coverage that defendant provided to Mazzone in July 1995 and that plaintiff has established a triable issue of fact as to whether the intended or expected exclusion applies to this matter. Accordingly, defendant's motion for summary judgment was properly denied.

Mercure, J.P., Carpinello, Mugglin and Lahtinen, JJ., concur. Ordered that the order is affirmed, with costs.

---

**2.** Notably, in response to a notice to produce information regarding the policy at issue, defendant initially provided plaintiff with form AP316.