■ Guy Carmean, Appellant, v Royal Indemnity Company, Respondent, et al., Defendant. [754 NYS2d 721] —Lahtinen, J. Appeal from an order and judgment of the Supreme Court (Nolan, Jr., J.), entered December 10, 2001 in Saratoga County,

which, inter alia, granted defendant Royal Indemnity Company's motion for summary judgment dismissing the complaint against it.

Plaintiff seeks to compel defendant Royal Indemnity Company to indemnify its insured, defendant Peter A. Ozolins, for a default judgment that plaintiff obtained against Ozolins as a result of Ozolins cutting off plaintiff's left ear with a knife. On July 5, 1997, plaintiff was sitting in the front passenger seat of Ozolins' parked vehicle with his feet hanging out the window and his back to Ozolins while the two individuals engaged in a discussion.[1] Ozolins removed a knife from his pocket, reached across the front of the vehicle from his position in the driver's seat and cut off plaintiff's left ear. Ozolins was arrested upon a charge of first degree assault and, in September 1997, entered a plea of guilty to second degree assault. Thereafter, plaintiff commenced a personal injury action against Ozolins. Ozolins resided with his parents, who had a homeowners' insurance policy with Royal. Royal disclaimed coverage upon the ground that Ozolins' action fell within a policy exclusion for "bodily injury * * * which is expected or intended by the insured." Ozolins defaulted in the civil action and plaintiff entered a default judgment against Ozolins for $330,361.63 in February 1999.

In May 1999, plaintiff commenced the instant action seeking, inter alia, a declaration that Royal was obligated to indemnify Ozolins for the default judgment. Following disclosure, Royal and plaintiff moved for summary judgment. Supreme Court granted Royal's motion and denied plaintiff's motion. Plaintiff appeals.

Plaintiff contends that there is evidence indicating that Ozolins did not intend to injure him and, therefore, Supreme Court erred in granting summary judgment under the insurance policy's intentional acts exclusion.[2] Not every intentional act falls within the parameters of an insurance policy's intentional acts exclusion since "insurable 'accidental results' may flow from 'intentional causes'" (*Slayko v Security Mut. Ins. Co.*, 98 NY2d 289, 293; *see McGroarty v Great Am. Ins. Co.*, 36 NY2d 358, 364). "[I]n deciding whether a loss is the

---

1. Although there is considerable evidence in the record indicating that plaintiff and Ozolins were, in fact, arguing, we accept for purposes of this appeal from the grant of a summary judgment motion plaintiff's current contention that they were not arguing.

2. We note that, although plaintiff argues that Royal has a duty to both defend and indemnify, the issue at this juncture—following entry of a judgment against Ozolins—pertains to indemnification.

result of an accident, it must be determined, from the point of view of the insured, whether the loss was unexpected, unusual and unforeseen" (*Agoado Realty Corp. v United Intl. Ins. Co.*, 95 NY2d 141, 145 [emphasis omitted]).

Plaintiff places considerable reliance upon the fact that Ozolins pleaded guilty to a crime premised upon reckless, rather than intentional, conduct (*see* Penal Law § 120.05 [4]). However, the fact that an assailant receives a favorable plea to a crime with a criminal intent element of recklessness does not necessarily foreclose finding that the underlying conduct falls within an insurance policy's intentional acts exclusion (*see Pennsylvania Millers Mut. Ins. Co. v Rigo*, 256 AD2d 769, 770-771). Although Ozolins' recitation of the crime at his allocution was aptly characterized by Supreme Court as "disjointed" and "rambling," it nevertheless revealed that he removed the knife from his pocket, opened it, swung it and struck plaintiff. In a sworn statement to police shortly after the incident, plaintiff stated that Ozolins grabbed his left ear before cutting it. Plaintiff later changed his position after commencing this action by claiming that he no longer recalled Ozolins grabbing his ear prior to the assault. Notwithstanding the change in plaintiff's version of events, the evidence in the record reveals that Ozolins removed the knife from his pocket, opened it, reached across the front of the car, swung the knife at plaintiff and cut off his ear. Under such circumstances, the injuries that plaintiff sustained cannot be fairly characterized as unexpected, unusual or unforeseen. We agree with Supreme Court that Ozolins' conduct and the resulting injury to plaintiff were intentional within the meaning of the intentional acts exclusion in Royal's policy (*see id.* at 770-771; *Doyle v Allstate Ins. Co.*, 255 AD2d 795, 796-797; *Utica Fire Ins. Co. of Oneida County, N.Y. v Shelton*, 226 AD2d 705, 706; *see also Dinneny v Allstate Ins. Co.*, 295 AD2d 797, 799).

Crew III, J.P., Spain, Carpinello and Kane, JJ., concur. Ordered that the order and judgment is affirmed, with costs.