KEVIN P. SMITH, Respondent, v NEW YORK CENTRAL MUTUAL FIRE INSURANCE COMPANY, Appellant. (And a Third-Party Action.) [785 NYS2d 776]—

Spain, J. Appeal from an order and judgment of the Supreme Court (Relihan, Jr., J.), entered December 16, 2003 in Broome County, which, inter alia, denied defendant's motion for summary judgment dismissing the complaint and declared that defendant was required to defend and indemnify plaintiff in an underlying tort action.

It is undisputed that at about 10:00 P.M. on July 23, 1999, plaintiff, angered that the vehicle he was driving had been struck by eggs thrown by unknown persons from a park in the City of Binghamton, Broome County, drove to his parents' nearby home where he resided, retrieved a wooden baseball bat and returned to the park. Upon seeing three individuals whom he believed were responsible, he pursued them and they fled. Plaintiff quickly caught up to one of them, John Perhach. Just as Perhach started to fall or slide, plaintiff struck him in the back of the head with the bat, causing injuries to the back of Perhach's head. Perhach declined plaintiff's offers of help and was treated at an emergency room. Plaintiff later entered a guilty plea to assault in the third degree (*see* Penal Law § 120.00 [3] [negligent assault]) for negligently causing physical injury to Perhach.

Perhach and his parents commenced a personal injury action against plaintiff—an additional insured under his parents' homeowners' policy with defendant—alleging causes of action for intentional tort and negligence. Defendant disclaimed coverage, based upon the policy exclusion for bodily injury "which is expected or intended by the insured" and on the ground that there was no "occurrence" under the policy because the insured's conduct was intentional, not accidental. In that underlying action, Supreme Court (Monserrate, J.) granted the Perhachs' motion for partial summary judgment against plaintiff on the issue of negligence liability based upon plaintiff's guilty plea, but found that plaintiff had raised a triable issue of fact for a jury on his defenses that Perhach had assumed the risk of injury and contributed to his own injuries.

Plaintiff then commenced this action seeking a declaration that the insurer is required to defend and indemnify him in connection with the Perhachs' underlying action, and defendant commenced a third-party action against the Perhachs for a declaration of noncoverage. On the parties' cross motions for summary judgment, Supreme Court granted plaintiff's cross motion and denied defendant's motion, finding that defendant was obligated to defend plaintiff in the underlying action and indemnify him for any damages awarded on the negligence claim in that action, but not their intentional tort claim. On defendant's appeal, we agree that it is not obligated to defend or indemnify plaintiff in connection with the underlying action and, thus, reverse.

Under settled principles, "[i]f any of the claims against the insured arguably arise from covered events, the insurer is required to defend the entire action" (*Frontier Insulation Contrs. v Merchants Mut. Ins. Co.*, 91 NY2d 169, 175 [1997]; *see Belt Painting Corp. v TIG Ins. Co.*, 100 NY2d 377, 383 [2003]). In determining whether the policy exclusion for injuries intended or expected by the insured applies, the dispositive inquiry is whether the harm that resulted to the victim from this assault could have been other than harm "expected or intended" by the insured, i.e., " 'whether there is any possible factual or legal basis upon which to find that the bodily injuries inflicted upon [Perhach] were not "expected or intended" by [plaintiff]' " (*Pennsylvania Millers Mut. Ins. Co. v Rigo*, 256 AD2d 769, 770 [1998], quoting *Home Mut. Ins. Co. v Lapi*, 192 AD2d 927, 928 [1993]; *see Allstate Ins. Co. v Mugavero*, 79 NY2d 153, 159 [1992]; *Doyle v Allstate Ins. Co.*, 255 AD2d 795 [1998]; *Pistolesi v Nationwide Mut. Fire Ins. Co.*, 223 AD2d 94, 95 [1996], *lv denied* 88 NY2d 816 [1996]).

Here, a review of the record reveals that the harm to the victim was inherent in the nature of the acts alleged (and admitted by plaintiff) and that the harm flowed directly and immediately from plaintiff's intentional acts and, thus, the resulting injuries were intentional and expected, as a matter of law (*see Allstate Ins. Co. v Mugavero, supra*; *Pistolesi v Nationwide Mut. Fire. Ins. Co., supra* at 97). At his examination before trial in this action, plaintiff testified that he pursued Perhach believing that he was responsible for the egg throwing; that he saw Perhach stumble, and then, holding the bat with both hands, he swung it "as though [he] were batting," striking the back of Perhach's head, and that Perhach was looking away from him when he swung the bat. Clearly, Perhach's injuries flowed directly from plaintiff's purposeful act, which permits no interpretation other than that the injuries were expected and intended (*see Peters v State Farm Fire & Cas. Co.*, 306 AD2d 817 [2003], *affd* 100 NY2d 634 [2003]; *Pennsylvania Millers Mut. Ins. Co. v Rigo, supra*).

Plaintiff's reliance upon the fact that he received a favorable plea to a crime involving negligence is unavailing, and "does not necessarily foreclose finding that the underlying conduct falls within an insurance policy's intentional acts exclusion" (*Carmean v Royal Indem. Co.*, 302 AD2d 670, 672 [2003]; *see Peters v State Farm Fire & Cas. Co., supra*; *Pennsylvania Millers Mut. Ins. Co. v Rigo, supra* at 770-771). Likewise, plaintiff's claims and self-serving testimony that he was only trying to "scare" Perhach or "catch" him and never intended to hit him in the head are unsupported, conclusory and not credible as a matter of law (*see Pennsylvania Millers Mut. Ins. Co. v Rigo, supra* at 771). When questioned, plaintiff offered no explanation for how swinging the bat could have scared the fleeing victim, whose back was turned to plaintiff, and he admitted that he saw the victim stumble before he swung and could have tackled him rather than swung the bat. Also, while the complaint in the underlying action contains a cause of action based upon negligence, "this claim is conclusory and unsupported by any facts contained in the record" (*id.* at 771; *see Peters v State Farm Fire & Cas. Co., supra* at 817-818, *cf. Merrimack Mut. Fire. Ins. Co. v Carpenter*, 224 AD2d 894, 895 [1996], *lv dismissed* 88 NY2d 1016 [1996]). Indeed, an insurer's duty to defend derives from the terms of the insured's policy and not from the allegations in a complaint drafted by a third party such as the Perhachs (*see Fitzpatrick v American Honda Motor Co.*, 78 NY2d 61, 65-68 [1991]). Under the circumstances of this case, the injuries sustained by Perhach as a result of plaintiff's intentional actions cannot be characterized as unexpected or

unintended and, thus, as a matter of law fall within the policy exclusion, entitling the insurer to summary judgment and requiring denial of plaintiff's cross motion.

Cardona, P.J., Mercure, Peters and Carpinello, JJ., concur. Ordered that the order and judgment is reversed, on the law, with costs, plaintiff's cross motion denied, defendant's motion granted, summary judgment awarded to defendant and complaint dismissed, and it is declared that defendant has no duty to defend or indemnify plaintiff in the underlying action.