■ HEREFORD INSURANCE COMPANY, Respondent, v LAZAR SEGAL, Defendant, and JOSEPH GIACULLI, Appellant. [835 NYS2d 741]—

In an action for a judgment declaring that the plaintiff is not obligated to defend or indemnify the defendant Lazar Segal in an underlying personal injury action entitled *Giaculli v Segal,* pending in the Supreme Court, Putnam County, under index No. 824/03, the defendant Joseph Giaculli appeals from an order of the Supreme Court, Queens County (Kitzes, J.), entered April 7, 2006, which granted the plaintiff's motion for summary judgment declaring that it is not so obligated.

Ordered that the order is affirmed, with costs, and the matter is remitted to the Supreme Court, Queens County, for the entry of a judgment declaring that the plaintiff is not obligated to defend or indemnify the defendant Lazar Segal in the underlying personal injury action entitled *Giaculli v Segal,* pending in the Supreme Court, Putnam County, under index No. 824/03.

On May 9, 2002 the defendant Joseph Giaculli, a New York City police officer, was in the process of investigating a traffic accident in which the defendant Lazar Segal, the driver of the vehicle, had been involved. While Giaculli stood next to Segal's vehicle and questioned him, Segal grabbed Giaculli's arm through the open driver's side window, accelerated the vehicle, and dragged Giaculli approximately 40 feet, causing Segal's vehicle to strike Giaculli's body. Giaculli allegedly suffered permanent injuries as a result of the accident. Segal was arrested and entered a plea of guilty to assault in the third degree (*see* Penal Law § 120.00 [2]).

The automobile policy issued to Segal by the plaintiff Hereford Insurance Company (hereinafter Hereford) provides that coverage under the policy does not apply to "bodily injury or property damage expected or intended from the standpoint of the 'Insured.' " Thus, although Segal was convicted of assault in the third degree under Penal Law § 120.00 (2) for "recklessly" causing physical injury to Giaculli, there is no insurance coverage under the terms of the policy if Segal reasonably expected that his own conduct would cause the resulting injury (*see Utica Fire Ins. Co. of Oneida County, N.Y. v Shelton,* 226 AD2d 705 [1996]), or if the injuries that Giaculli sustained were "expected or intended" or could not fairly be characterized as unexpected, unusual, or unforseen (*see Pagano v Allstate Ins. Co.,* 5 AD3d 576, 577 [2004]; *Carmean v Royal Indem. Co.,* 302 AD2d 670, 672 [2003]; *Allstate Ins. Co. v Ruggiero,* 239 AD2d 369, 370 [1997]).

Giaculli's injuries were to be reasonably expected by Segal when he grabbed Giaculli's arm, accelerated his vehicle, and dragged Giaculli approximately 40 feet, causing Giaculli's body to strike his vehicle. Since Segal's conduct was not covered under the policy, Hereford is not obligated to defend or indemnify him.

Since this is a declaratory judgment action, we remit the matter to the Supreme Court, Queens County, for the entry of a judgment declaring that Hereford is not obligated to defend or indemnify Lazar Segal in the underlying action entitled *Giaculli v Segal,* pending in the Supreme Court, Putnam County, under index No. 824/03 (*see Lanza v Wagner,* 11 NY2d 317, 334 [1962], *appeal dismissed* 371 US 74 [1962], *cert denied* 371 US 901 [1962]). Miller, J.P., Angiolillo, Carni and Dickerson, JJ., concur.