■ ROBERT T. CLAYBURN, Respondent, v NATIONWIDE MUTUAL FIRE INSURANCE COMPANY, Appellant. [871 NYS2d 487]—

Kane, J. Appeal from an order of the Supreme Court (Catena, J.), entered August 14, 2007 in Montgomery County, which, among other things, granted plaintiff's motion for summary judgment.

As plaintiff and his brother, Mark Clayburn, were walking down the street past Robert Tamsett, Clayburn and Tamsett exchanged unkind words. Tamsett began to follow the brothers, continuing the verbal argument with Clayburn. While some of the details surrounding the incident are in dispute—namely who initiated each aspect of physical contact—it is undisputed that Tamsett pushed Clayburn to the ground. Tamsett and plaintiff then became physically engaged, with Tamsett holding plaintiff in a bear hug. As they struggled, they lost their balance and fell through the plate glass window of a nearby store.

Tamsett, as an insured under his parents' homeowner's insurance policy, informed defendant of a potential claim. Defendant disclaimed coverage based upon the policy's exclusion for intentional acts. Due to this disclaimer, defendant did not defend Tamsett in plaintiff's negligence action seeking recovery for injuries related to the severe facial lacerations he received as a result of this incident. After a bench trial in that underlying ac-

tion, Supreme Court (Sise, J.) found Tamsett negligent and entered a judgment against him for his portion of the damages.

Plaintiff then commenced this action, pursuant to Insurance Law § 3420, seeking a declaration that defendant must indemnify Tamsett and satisfy the judgment against him. Plaintiff moved for summary judgment and defendant cross-moved for similar relief. Supreme Court (Catena, J.) initially denied both motions and ordered a trial de novo. Both parties accepted the court's alternative suggestion, that the court simply review the record from the trial in the underlying action and decide the matter based upon that record. After such review, the court granted plaintiff's motion and denied the cross motion, finding that defendant is required to indemnify Tamsett. Defendant appeals.

Defendant cannot rely on its policy's criminal acts exclusion, even though Tamsett pleaded guilty to harassment based on his involvement in this incident. By failing to include that exclusion in its disclaimer letter, defendant waived its right to rely on that ground (*see General Acc. Ins. Group v Cirucci*, 46 NY2d 862, 864 [1979]; *Maroney v New York Cent. Mut. Fire Ins. Co.*, 10 AD3d 778, 780-781 [2004], *affd* 5 NY3d 467 [2005]; *Cain v Allstate Ins. Co.*, 234 AD2d 775, 776 [1996]).

Supreme Court properly determined that the intentional acts exclusion does not bar coverage here. The policy at issue excludes coverage for bodily injury "caused intentionally by or at the direction of an insured, including willful acts the result of which the insured knows or ought to know will follow from the insured's conduct." To successfully bar coverage under an insurance policy's intentional acts exclusion, the insurer must prove that there is no possible legal or factual basis to support a finding that, from the point of view of the insured, the bodily injuries inflicted were unexpected, unintended and unforeseen (*see Agoado Realty Corp. v United Intl. Ins. Co.*, 95 NY2d 141, 145 [2000]; *Pennsylvania Millers Mut. Ins. Co. v Rigo*, 256 AD2d 769, 770 [1998]; *Home Mut. Ins. Co. v Lapi*, 192 AD2d 927, 928 [1993]). Yet courts are wary of claims that intentional acts resulted in unintended injuries where the harm "was inherent in the nature and force" of the wrongful act (*Pennsylvania Millers Mut. Ins. Co. v Rigo*, 256 AD2d at 771; *see New York Cent. Mut. Fire Ins. Co. v Wood*, 36 AD3d 1048, 1049 [2007]).

Here, while Supreme Court acknowledged that Tamsett intentionally placed his hands upon plaintiff, the court found that Tamsett did so in an attempt to subdue plaintiff or ward off an attack, "as opposed to beat him." Tamsett and plaintiff did not exchange any punches, or even any words. Tamsett

merely wrapped his arms around plaintiff in response to plaintiff approaching him after Tamsett pushed Clayburn to the ground. We accept the court's determination that Tamsett did not expect, intend or foresee that plaintiff would end up crashing through the plate glass window or be injured in any way when Tamsett placed him in a bear hug (*see Baldinger v Consolidated Mut. Ins. Co.*, 15 AD2d 526, 526 [1961], *affd* 11 NY2d 1026 [1962]; *compare Smith v New York Cent. Mut. Fire Ins. Co.*, 13 AD3d 686, 688 [2004]; *Mazzaferro v Albany Motel Enters.*, 127 AD2d 374, 376 [1987]). Plaintiff's injuries were not inherently likely to result from the nature and force of a defensive bear hug. Under the circumstances, the intentional acts exclusion does not apply (*see Slayko v Security Mut. Ins. Co.*, 98 NY2d 289, 293 [2002]; *cf. Allstate Ins. Co. v Zuk*, 78 NY2d 41, 46 [1991]). Because Supreme Court did not issue a declaration in this declaratory judgment action, we modify by declaring that defendant is obligated under its insurance policy to indemnify its insured in relation to the judgment rendered in plaintiff's favor against Tamsett.

Peters, J.P., Spain, Lahtinen and Kavanagh, JJ., concur. Ordered that the order is modified, on the law, with costs to plaintiff, by declaring that defendant is obligated under its insurance policy to indemnify its insured for the judgment rendered against Robert Tamsett in favor of plaintiff, and, as so modified, affirmed.