■ EDMOND MASSA et al., Respondents, v NATIONWIDE MUTUAL FIRE INSURANCE COMPANY, Appellant. [904 NYS2d 531]—

Garry, J. Appeal from an order of the Supreme Court (Aulisi, J.), entered August 11, 2009 in Schenectady County, which, among other things, granted plaintiffs' motion for summary judgment.

In November 2006, plaintiff David Massa (hereinafter

plaintiff), a college student, threw or pushed a 55-gallon oil drum out of the second story window of a fraternity house. The drum struck and injured another student, who commenced a personal injury action alleging that plaintiff was negligent. Plaintiff was also charged with assault in the second degree and pleaded guilty to disorderly conduct.

Plaintiff was a covered insured under a homeowner's insurance policy issued by defendant to his parents, plaintiffs Edmond Massa and Tina Massa. Defendant denied coverage in the negligence action based on policy exclusions for criminal and intentional acts. Plaintiffs commenced this action seeking, among other things, a judgment declaring that defendant is obliged to defend and indemnify them. They moved for summary judgment, and defendant cross-moved for summary judgment. Supreme Court determined that neither exclusion was applicable, granted plaintiffs' motion, and denied defendant's cross motion. Defendant appeals.

The underlying personal injury complaint alleges that plaintiff negligently threw the oil drum through the window "without first ascertaining that it was reasonably safe to do so." Plaintiff testified that he recalls becoming very intoxicated at the fraternity house on the night of the incident, but does not recall the events leading to the personal injury action. According to a statement given to police by a fraternity member, plaintiff was "visibly intoxicated" and was asked to leave. He departed, but later apparently returned to the premises and entered the fraternity house, where students who were outside saw him standing at an open upstairs window. Plaintiff threw a piece of debris toward the students. He "reacted with confusion and hostility" when they told him to move away from the window, but he complied. The drum fell approximately 30 seconds after he disappeared from the window. An eyewitness who was upstairs in the fraternity house stated to police that plaintiff was "really drunk" and said she saw him at the window, apparently about to "dump" what she described as a garbage can outside. She took it away and told him to stop, and plaintiff pushed her, causing her to fall. He then "put the oil drum through the window" and let go; it lodged briefly in the window before dropping to the ground.

The policy's intentional act exclusion bars coverage for bodily injury "caused intentionally by or at the direction of an **insured**, including willful acts the result of which the **insured** knows or ought to know will follow from the **insured's** conduct." Coverage may be barred under such an exclusion only if "there is no possible legal or factual basis to support a finding that, from the

point of view of the insured, the bodily injuries inflicted were unexpected, unintended and unforeseen" (*Clayburn v Nationwide Mut. Fire Ins. Co.*, 58 AD3d 990, 991 [2009]; *see Agoado Realty Corp. v United Intl. Ins. Co.*, 95 NY2d 141, 145 [2000]). The evidence does not conclusively establish that anyone was directly below the window when plaintiff looked outside, that he saw anyone below, or that he knew there was anyone there when he pushed or threw the drum outside. Therefore, there is a possible basis for a factual determination that, from plaintiff's point of view, it was unexpected, unintended, and unforeseen that the drum would strike someone, despite the fact that other interpretations are also possible.

Defendant contends that plaintiff's actions were nonetheless intentional within the meaning of the exclusion because the resulting harm " 'was inherent in the nature and force' of the wrongful act" (*Clayburn v Nationwide Mut. Fire Ins. Co.*, 58 AD3d at 991, quoting *Pennsylvania Millers Mut. Ins. Co. v Rigo*, 256 AD2d 769, 770 [1998]). However, as no injuries would have occurred if no one had been below the window, the question as to whether plaintiff knew anyone was there prevents a determination, as a matter of law, that " 'to do the act [was] necessarily to do the harm which [was] its consequence' " (*New York Cent. Mut. Fire Ins. Co. v Wood*, 36 AD3d 1048, 1050 [2007], quoting *Progressive N. Ins. Co. v Rafferty*, 17 AD3d 888, 889 [2005]). Thus, Supreme Court properly determined that the intentional act exclusion was inapplicable (*see New York Cent. Mut. Fire Ins. Co. v Wood*, 36 AD3d at 1050; *compare Carmean v Royal Indem. Co.*, 302 AD2d 670, 671-672 [2003]; *Pennsylvania Millers Mut. Ins. Co. v Rigo*, 256 AD2d at 770-771).

Under the criminal act exclusion, defendant's policy does not cover injury "caused by or resulting from an act or omission which is criminal in nature and committed by an insured." Other than indicating that conduct may fall within this exclusion "regardless of whether the insured is actually charged with, or convicted of a crime," the policy offers no definition or other guidance in determining what conduct is "criminal in nature." Any ambiguity in the language must be resolved against defendant (*see Villanueva v Preferred Mut. Ins. Co.*, 48 AD3d 1015, 1016 [2008]), and "it is [defendant's] burden to prove that the construction it advances is not only reasonable, but also that it is the only fair one" (*Pepper v Allstate Ins. Co.*, 20 AD3d 633, 635 [2005] [internal quotation marks, brackets and citation omitted]).

Disorderly conduct is a violation rather than a felony or mis-

demeanor (*see* Penal Law § 240.20)* and, thus, is not a "crime" as defined in the Penal Law (*see* Penal Law § 10.00 [3], [6]; *De Paulo v City of Albany*, 49 NY2d 994, 995-996 [1980]). However, conduct may be found to be "criminal in nature" without regard to whether it led to actual criminal prosecution or conviction (*see New York Cent. Mut. Fire Ins. Co. v Nationwide Mut. Ins. Co.*, 307 AD2d 449, 451 [2003]; *see also Kehoe v Nationwide Mut. Fire Ins. Co.*, 299 AD2d 318, 319 [2002]). Defendant contends that plaintiff's conduct was "criminal in nature" even if his intoxication prevented him from forming an intention to cause injury and therefore from committing intentional assault (*see* Penal Law § 120.00 [2]), because proof of voluntary intoxication does not negate recklessness (*see* Penal Law § 15.05 [3]; *People v Johnson*, 277 AD2d 702, 704 [2000], *lv denied* 96 NY2d 831 [2001]). In defendant's view, plaintiff's conduct was criminally reckless.

"A person acts recklessly . . . when that person is aware of and consciously disregards a substantial and unjustifiable risk of a result, where the risk is of such a nature and degree that to disregard it constitutes a gross deviation from the standard of conduct of a reasonable person" (*Allstate Ins. Co. v Zuk*, 78 NY2d 41, 46 [1991]; *see* Penal Law § 15.05 [3]). As previously discussed, there is a triable issue of fact as to whether plaintiff was aware that someone was below the window. Moreover, neither of the two witnesses who described the accident to police has been deposed or cross-examined. Their statements in the police report do not decisively demonstrate that plaintiff necessarily intended to throw the can through the window. Thus, there are triable issues of fact deserving of further inquiry as to whether plaintiff consciously disregarded a substantial risk that his conduct would cause injury. Construing the exclusion narrowly against the insurer (*see Pepper v Allstate Ins. Co.*, 20 AD3d at 635), we find that these factual issues prevent a determination as to whether plaintiff's conduct was "criminal in nature" as a matter of law.

Defendant did not demonstrate "that there is no possible factual or legal basis on which [it] may eventually be held liable under its policy" (*First State Ins. Co. v J & S United Amusement Corp.*, 67 NY2d 1044, 1046 [1986]; *accord Allstate Ins. Co. v Kemp*, 144 AD2d 853, 854 [1988]). Thus, defendant was not entitled to a declaratory judgment in its favor as to the applicability of the criminal act exclusion, and Supreme Court properly denied its cross motion for summary judgment. Fur-

---

* The record does not reveal to which of the seven subdivisions of Penal Law § 240.20 plaintiff pleaded guilty.

ther, as defendant did not demonstrate that the allegations of negligence in the underlying complaint "cast [the] pleading solely and entirely within the policy exclusions, and, further, that the allegations, *in toto*, are subject to no other interpretation" (*Pennsylvania Millers Mut. Ins. Co. v Rigo*, 256 AD2d at 770 [internal quotation marks and citations omitted]), summary judgment was properly granted to plaintiffs as to defendant's broad duty to provide a defense in the underlying action. However, summary determination as to defendant's narrower duty to indemnify was inappropriate, as we find triable issues of fact as to whether plaintiff's conduct was criminal in nature (*see Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). That determination must await trial on a full record in the declaratory judgment action (*compare Allstate v Zuk*, 78 NY2d at 47).

Peters, J.P., Rose, Stein and McCarthy, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as granted plaintiffs' motion for summary judgment declaring that defendant is obligated to indemnify them in the underlying tort action; motion denied to that extent; and, as so modified, affirmed.