■ James S. Kehoe et al., Respondents, v Nationwide Mutual Fire Insurance Company, Appellant. [750 NYS2d 95] —In an action for a judgment declaring that the defendant was required to defend and indemnify the plaintiffs in an action entitled Zervas v Northport-E. Northport Union Free School Dist., pending in the Supreme Court, Suffolk County, under Index No. 0145/00, the defendant appeals from (1) an order of the Supreme Court, Suffolk County (Molia, J.), dated January 8, 2002, which granted the plaintiffs' motion for summary judgment and denied its cross motion for summary judgment dismissing the complaint, and (2), a judgment of the same court, entered July 15, 2002, in favor of the plaintiffs and against it.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is reversed, on the law, the order is vacated, the motion is denied, the cross motion is granted, the complaint is dismissed, and it is declared that the defendant is not obligated to defend or indemnify the plaintiffs in the underlying personal injury action; and it is further,

Ordered that one bill of costs is awarded to the defendant.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see Matter of Aho,* 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment.

The defendant, Nationwide Mutual Fire Insurance Company (hereinafter Nationwide), insured the plaintiff James T. Kehoe and his son, the plaintiff Brendan T. Kehoe under a homeowners policy that excluded coverage for claims arising out of intentional or criminal acts.

The plaintiffs commenced this action for a judgment declaring that Nationwide was obligated to defend and indemnify them in an underlying personal injury action. The underlying personal injury action arose out of an alleged fight on October 24, 1998, in the parking lot of the Northport High School involving Brendan and Joseph Zervas (hereinafter Zervas) after a school homecoming dance. The complaint in the underlying personal injury action alleged, inter alia, that Brendan "carelessly, recklessly and negligently" caused Zervas's injuries. In February 1999 Brendan was charged with assault in the third degree in connection with the October 24, 1998, incident. The assault charge against Brendan was dismissed approximately 1½ years later.

In February 2002 the plaintiffs moved in this action for summary judgment in their favor, and Nationwide cross-moved for summary judgment dismissing the complaint. The Supreme Court granted the plaintiffs' motion for summary judgment and denied the cross motion by Nationwide for summary judgment dismissing the complaint. Judgment was subsequently entered in favor of the plaintiffs.

Where the provisions of an insurance contract are clear and unambiguous, they must be given their plain and ordinary meaning (*see United States Fid. & Guar. Co. v Annunziata,* 67 NY2d 229, 232). The subject policy explicitly excluded coverage for claims arising out of criminal or intentional acts, regardless of whether the insured was actually charged with, or convicted of, a crime. Notwithstanding the allegations of negligence in the underlying personal injury action, such allegations arose out of the October 24, 1998, incident involving intentional or criminal acts.

Accordingly, Nationwide established its prima facie entitlement to summary judgment by demonstrating that the subject claim was excluded under the terms of the policy (*see generally*

*Zuckerman v City of New York,* 49 NY2d 557, 562). The plaintiffs failed to establish their prima facie entitlement to summary judgment in support of their motion, and failed to raise a triable issue of fact in opposition to the cross motion. Therefore, the Supreme Court erred in granting the plaintiffs' motion and in denying Nationwide's cross motion for summary judgment.

In light of our determination, we need not reach Nationwide's remaining contention. Smith, J.P., Schmidt, Adams and Cozier, JJ., concur.