■ ALLSTATE INSURANCE COMPANY, Respondent, v CHRISTO-PHER SWANSON, Defendant, and WENDY WILCOX, Individually and as Parent and Natural Guardian of ZAKARY S.C., an Infant, et al., Appellants. [848 NYS2d 784]—

Appeal from a judgment of the Supreme Court, Allegany County (Thomas P. Brown, A.J.), rendered August 8, 2006 in a declaratory judgment action. The judgment denied the motion of defendants Wendy Wilcox, individually and as parent and natural guardian of Zakary S.C., an infant, and Jackey C., individually and as parent and natural guardian of Zakary S.C., an infant, for summary judgment, granted plaintiff's cross motion for summary judgment and granted judgment declaring that plaintiff has no obligation to defend or indemnify defendant Christopher Swanson in the underlying personal injury action.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this action seeking judgment declaring that it has no duty to defend or indemnify Christopher Swanson (defendant) in the underlying personal injury action brought against him by defendants Wendy Wilcox and Jackey C. (defendant parents). Defendant shot an arrow from a compound bow at defendant parents' son, striking him in the eye. As a result of the incident, defendant pleaded guilty to assault in the first degree (Penal Law § 120.10 [3]), and plaintiff, which had issued a homeowners' policy to defendant's

parents, denied coverage based, inter alia, on a policy exclusion for bodily injury "intended by, or which may reasonably be expected to result from the intentional or criminal acts or omissions[ ] of an insured person." Supreme Court properly granted plaintiff's cross motion for summary judgment and granted judgment declaring that plaintiff has no obligation to defend or indemnify defendant in the underlying personal injury action. Plaintiff submitted evidence establishing as a matter of law that the injury in question falls within the policy exclusion for injury resulting from defendant's criminal act, for which defendant was convicted, and that the injury could reasonably be expected to result from that act (see Allstate Ins. Co. v Schimmel, 22 AD3d 616 [2005]; Kehoe v Nationwide Mut. Fire Ins. Co., 299 AD2d 318, 319-320 [2002]; Allstate Ins. Co. v Ruggiero, 239 AD2d 369 [1997]; cf. Allstate Ins. Co. v Zuk, 78 NY2d 41, 45-47 [1991]). Present—Hurlbutt, J.P., Martoche, Fahey, Peradotto and Green, JJ.