Wesco Ins. Co. v Nunez Dental Servs., P.C. (2024 NY Slip Op 01163)

Wesco Ins. Co. v Nunez Dental Servs., P.C.

2024 NY Slip Op 01163

Decided on March 05, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 05, 2024

Before: Singh, J.P., Friedman, Rodriguez, Higgitt, Rosado, JJ. 

Index No. 155341/21, 595031/22 Appeal No. 1785 Case No. 2023-01733 

[*1]Wesco Insurance Company et al., Plaintiffs-Respondents,
v
Nunez Dental Services, P.C., et al., Defendants-Appellants.
Camila Davalos etc., Counterclaim Plaintiff-Appellant,
v
Tower Insurance Company et al., Counterclaim Defendants. (And a Third-Party Action.)

The Casas Law Firm, P.C., New York (John V. Golaszewski of counsel), for appellants.
Gunnercooke US LLP, New York (Max W. Gershweir of counsel), for Wesco Insurance Company and Technology Insurance Company, respondents.

Order, Supreme Court, New York County (Louis L. Nock, J.), entered on or about February 8, 2023, which, to the extent appealed from, denied defendant Camila Davalos' cross-motion for summary judgment on defendants' counterclaims seeking a declaration that plaintiffs were required to defend and indemnify defendant Nunez in the underlying action in federal court, and granted plaintiffs' motion for summary judgment on their second and third causes of action seeking a declaration that they were not obligated to provide a defense and indemnification in the underlying action, and dismissed the counterclaims against them, unanimously modified, on the law, to the extent of denying plaintiffs' motion for summary judgment, and otherwise affirmed, without costs.
Plaintiffs failed to establish, as a matter of law, that they had no duty to defend Nunez in the underlying action. The duty to defend is triggered by the allegations contained in the underlying complaint (see BP A.C. Corp. v One Beacon Ins. Group, 8 NY3d 708, 714 [2007]), and an insurer may be required to defend even though it is not ultimately required to indemnify once the litigation has run its course (see Automobile Ins. Co. of Hartford v Cook, 7 NY3d 131, 137 [2006]). Plaintiffs have failed to meet their burden of establishing that they have no duty to defend on the basis that the prior publication exclusion bars coverage, as the underlying complaint does not indicate that the injury arose out of any publication which first took place before the beginning of the policy periods (see BP at 714; Consolidated Edison Co. of N.Y. v Allstate Ins. Co., 98 NY2d 208, 218 [2002]). The extrinsic evidence plaintiffs rely on, which was obtained in this subsequent litigation and which does not serve to clarify any alleged ambiguities in the underlying complaint, does not relieve them of their duty to defend Nunez (cf. Town of Moreau v Orkin Exterminating Co., 165 AD2d 415 [3d Dept 1991]).
Plaintiffs have also not established, as a matter of law, that the prior publication exclusion precludes indemnification. The record establishes that an image of the plaintiff in the underlying action was first used in 2009, but the record does not establish what that use consisted of. It cannot be determined on this record that the publications attached to the underlying complaint, which were retrieved in approximately late 2018, consisted of substantially the same offending material as was published in 2009 (cf. St. Surfing, LLC v Great Am. E&S Ins. Co., 776 F3d 603, 610 [9th Cir 2014]; Tudor Ins. Co. v First Advantage Litig. Consulting, 2012 WL 3834721, *12 [SD NY 2012], affd 525 Fed Appx 60 [2d Cir 2013]). Moreover, the plaintiff in the underlying action alleged that her images had been altered in order to make it appear that she was a customer of or endorsed Nunez's dental practice, and the record does not establish whether the 2009 publication was also so altered (see e.g. Taco Bell Corp. v Continental Cas. Co., 388 [*2]F3d 1069, 1073 [7th Cir 2004]). Without the 2009 publication in the record, we also find that defendants have not established, as a matter of law, that the prior publication exclusion is inapplicable.
We also find that plaintiffs failed to establish, as a matter of law, that the criminal acts exclusion bars coverage in this case. The exclusion at issue applies to injury arising out of a criminal act committed by Nunez or at the direction of Nunez. The record does not establish that Nunez has been convicted of any crime related to the events addressed in the underlying complaint (cf. Allstate Ins. Co. v Swanson, 46 AD3d 1453, 1454 [4th Dept 2007]), nor does it even show that Nunez was ever charged with a crime (cf. Kehoe v Nationwide Mut. Fire Ins. Co., 299 AD2d 318, 319 [2d Dept 2002]). Multiple issues of fact exist concerning Nunez's knowledge of whether Nunez had obtained the rights to use plaintiff's image, whether Nunez acted with the required mens rea to constitute a misdemeanor under Civil Rights Law § 50, and whether it was a separate party, namely, an individual hired to advertise Nunez's business, who committed the alleged criminal act without being directed to do so by Nunez (see Massa v Nationwide Mut. Fire Ins. Co., 74 AD3d 1661, 1664 [3d Dept 2010]; see also Penal Law § 15.15[2]). While it is possible that the alleged conduct may be found to constitute a misdemeanor, we note that this is not a case were Nunez was convicted of anything, or where Nunez has failed to propose a scenario in which Nunez's conduct was tortious yet not criminal (cf. Harleysville Preferred Ins. Co. v Rams Head Savage Mill, LLC, 237 Md App 705, 741 [2018]).
We have considered the parties' remaining arguments, including that coverage is excluded by the copyright exclusion, and find them unavailing. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 5, 2024